Hunt *v.* State—186 Ind. 644.

## HUNT *v.* STATE OF INDIANA.

[No. 23,319. Filed December 4, 1917.]

1. CRIMINAL LAW.—*Suspended Sentence.—Execution.—Place of Imprisonment.*—Where defendant, on a plea of guilty to a charge of assault and battery, was sentenced to pay a fine and to imprisonment in the county jail, and, upon his motion, the execution of the sentence as to imprisonment was suspended, and he was paroled during good behavior on the condition that the court might, for any cause, set aside the order suspending the jail sentence, the court had the power to order the defendant imprisoned in the Indiana State Farm, subsequently created by §9926a *et seq.* Burns 1914, Acts 1913 p. 660, as the place where defendant should be confined did not constitute a part of the judgment. p. 646.

2. CRIMINAL LAW.—*Sentence.—Imprisonment.—Failure to Object.*—Where defendant pleaded guilty to a charge of assault and battery and the sentence as to imprisonment in the county jail was suspended during good behavior, and subsequently, on the order of suspension being revoked, he was ordered imprisoned in the Indiana State Farm, defendant, in the absence of a motion to modify the order so as to require imprisonment in the county jail, cannot present any question relating to the place of his confinement. p. 647.

3. CONSTITUTIONAL LAW.—*Constitutionality of Statute. — Right to Question.*—Where defendant on his own motion obtained an order suspending as to imprisonment a sentence for assault and battery and accepted his liberty thereunder, in accordance with the provisions of the act of 1909, Acts 1909 p. 434, §2174 *et seq.* Burns 1914, and the court revoked the order of suspension under §3 of the act, defendant cannot question the constitutionality of the act as being violative of §17, Art. 5 of the Constitution, conferring upon the governor the power to grant reprieves, commutations, and pardons after conviction, since one who invokes the provisions of a law will be denied the right to question its constitutionality. p. 647.

4. CONSTITUTIONAL LAW.—*Determination of Constitutional Question.*—The court on appeal will not determine a constitutional question if its decision can rest upon other grounds. p. 648.

5. CRIMINAL LAW.—*Sentence of Imprisonment.*—*Commencement.*—In a prosecution for assault and battery with intent to kill, where defendant obtained upon his own motion an order suspending sentence as to imprisonment, the suspension being granted upon the condition that sentence might be enforced at any time for any cause, and the order was subsequently revoked, defendant cannot assert that the term of imprisonment commenced to run from the date of the original judgment and that sentence cannot be enforced after the term for which it was to continue had expired, as the court could at any time set aside the order of suspension and direct that the term of imprisonment should commence on the date on which defendant should be confined. p. 648.

From Noble Circuit Court; *Luke H. Wrigley,* Judge.

Prosecution by the State of Indiana against Oscar Hunt. Judgment of conviction and on request of defendant the jail sentence imposed was suspended. From an order for the execution of the sentence of imprisonment, the defendant appeals. *Affirmed.*

*Julian C. Ryer,* for appellant.

*Ele Stansbury,* Attorney-General, *U. S. Lesh, Elmer E. Hastings, Edward M. White* and *Dale F. Stansbury,* for the State.

LAIRY, J.—On March 13, 1912, appellant, being charged with the crime of assault and battery with intent to commit murder, by an affidavit pending in the circuit court of Noble county, pleaded guilty to the charge of assault and battery under said affidavit; and the court adjudged that he should pay a fine of five dollars and costs of the prosecution and that he should be imprisoned in the county jail of Noble county for the period of four months. As a part of the judgment it was ordered by the court, upon motion of the defendant and at his request, that the execution of said

sentence as to the imprisonment but not as to the payment of the fine and costs be suspended and that the defendant be paroled during his good behavior upon the "express condition, to which said defendant now here in open court agrees, that the court or the judge thereof in vacation may at any time, in term or vacation, for any cause, considered by said judge as sufficient, set aside the order suspending the jail sentence and may, at any time, either in term or vacation order that sentence be executed by the imprisonment of said defendant in said jail for said period of four months, which period shall commence at the date when said defendant shall be imprisoned in pursuance of said order." Afterward, on May 14, 1917, appellant was brought before the Noble Circuit Court in the custody of the sheriff, and the court after hearing evidence and being sufficiently advised, set aside the order suspending the execution of the judgment as to imprisonment and ordered that said judgment be executed by the imprisonment of said defendant Oscar Hunt at the Indiana State Farm for the period of four months. Before the action of the court was taken in setting aside the order suspending execution of the judgment of March 13, 1912, and ordering the imprisonment of appellant, he, by his attorney, filed written objection to the court taking any further action in the case stating a number of reasons upon which the objection was based. The court overruled the objection so filed, to which ruling appellant excepted.

Appellant takes the position that the court had no power to order him to be imprisoned at the Indiana State Farm when the original judgment provided

1. that he should be imprisoned in the county jail.
At the time the judgment was rendered the law providing for the Indiana State Farm was not in force. The act by which that institution was created (Acts

1913 p. 660, §9926a et seq. Burns 1914) provides that it shall be the duty of all judges of circuit, superior, criminal and city courts to commit thereto, so far as the capacity of the institution will permit, all male persons who are above the age of commitment to the Indiana Boys School, who have been convicted of the violation of any criminal law of the State, or of any ordinance, the punishment for which now consists of imprisonment in any county jail or workhouse. This statute simply changes the place where the imprisonment is to be made. The judgment of March 13, 1912, determined the guilt of the defendant and fixed the punishment. The amount of the fine and the duration of the imprisonment were judicially determined but the place where appellant should be confined did not constitute a part of the judgment. It has been held that a judgment directing that a defendant be confined in a particular penitentiary located at a certain place may be modified so as to require his confinement in another penitentiary located at a different place. *Kingen* v. *Kelley* (1891), 3 Wyo. 566, 28 Pac. 36, 15 L. R. A. 177; *O'Brien* v. *Barr* (1891), 83 Iowa 51, 49 N. W. 68.

Appellant objected to any order directing his imprisonment at any place. After the order was made, he filed no motion to modify the order so as to require his confinement in the county jail of Noble county. In the absence of such a motion to modify he is not in a position to present any question relating to the place of his confinement. *Evans* v. *State* (1898), 150 Ind. 651, 655, 50 N. E. 820; *Cheek* v. *State* (1908), 171 Ind. 98, 103, 85 N. E. 779.

Appellant upon his own motion obtained an order suspending the sentence as to imprisonment and accepted his liberty thereunder, in accordance with the provisions of the act of the legislature on that subject. Acts 1909 p. 434, §2174 Burns 1914.

When the court revoked the order suspending the sentence under §3 of the act, appellant objected on the ground that the statute was unconstitutional as being in conflict with §17 of Art. 5 of the State Constitution, which provides that the governor "shall have the power to grant reprieves, commutations, and pardons, after conviction, for all offenses except treason and cases of impeachment, subject to such regulations as may be provided by law." The trial court having overruled the objection, appellant seeks to present the same question on appeal.

The rule is now generally recognized that one who invokes the provisions of a law will be denied the right to question its constitutionality. 6 R. C. L. 95, §95. In the case of *State* v. *Collins* (1909), 225 Mo. 633, 125 S. W. 465, it was held that a person who applied for and obtained a parole under a statute providing for the parole of persons convicted of a crime, could not question the constitutionality of the statute as allowing the court to terminate the parole at any time without notice. Appellant having invoked the provisions of the act in question in order to obtain his release under it cannot afterward assert that it is invalid for the purpose of avoiding punishment.

It is well settled that this court will not determine a constitutional question if its decision can rest upon other grounds. *School City* v. *Harrison School Tp.* (1915), 184 Ind. 742, 745, 112 N. E. 514; *Cleveland, etc., R. Co.* v. *Hollowell* (1909), 172 Ind. 466, 471, 88 N. E. 680.

Appellant further asserts that the term of imprisonment commenced to run from the date of the judgment and that the sentence cannot be enforced after the term for which it was to continue had expired. This position cannot be sustained. The postponement of his imprisonment was obtained by the

motion and request of appellant and upon the condition, as expressed in the law under which he proceeded and also in the judgment under which he was released, that the court might at any time for any cause which seemed sufficient set aside the order suspending the sentence and order that the sentence of imprisonment be enforced and that the term of such imprisonment should commence at the date on which appellant should be imprisoned. Having thus at his own request obtained a postponement of his imprisonment on the terms stated, he is in no position to object when called upon to serve it. While he was at liberty under the order thus obtained appellant was in the same position that he would have been had he postponed the execution of the sentence by an escape from custody. In such a case the sentence is not satisfied until it is actually served. *Fuller* v. *State* (1911), 100 Miss. 811, 57 South. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914 A 98; *In re Collins* (1908), 8 Cal. App. 367, 97 Pac. 188; *Weber* v. *State* (1898), 58 Ohio St. 616, 51 N. E. 116, 41 L. R. A. 472.

No reversible error is shown by the record. Judgment affirmed.

NOTE.—Reported in 117 N. E. 856. Criminal law: power of court to suspend sentence or to stay execution of sentence, 33 L. R. A. (N. S.) 112, 39 L. R. A. (N. S.) 242; period between a release on parole and rearrest for violation of condition, as part of sentence, 10 Ann. Cas. 203; authority of court to suspend sentence indefinitely, 132 Am. St. 644. See under (2) 12 Cyc 810; (3) 12 C. J. 774; 8 Cyc 791; (4) 12 C. J. 780; 8 Cyc 798.