SUTTON v. STATE OF INDIANA.

[No. 30,320. Filed June 17, 1963. Rehearing denied October 8, 1963.]

*Leroy K. New,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

MYERS, C. J.—Appellant was charged with the crime of assault and battery with intent to commit a felony. He entered a plea of guilty on October 24, 1960. On December 2, 1960, the trial court sentenced him to two to fourteen years in the State Reformatory, suspending sentence and placing him on probation. On December

28, 1961, a petition to revoke the suspended sentence was filed by the Probation Officer of Hamilton County, asserting that appellant had violated the terms of probation, namely, that he had used intoxicants and had failed to remain at liberty without violating the law. On June 15, 1962, the Hamilton Circuit Court heard evidence on this petition both for the State and on behalf of appellant, who testified on his own behalf. The court entered a finding that appellant had violated Item 3 of the "Terms of Probation," which was the use of intoxicants, and revoked the probation and the suspended sentence.

In the decree revoking the probation, appellant was ordered to be confined in accordance with the prior sentence of December 2, 1960, and the confinement was to be a continuation of that sentence rather than the commencement of a new sentence. In other words, appellant was to be credited for time served beginning as of December 2, 1960.

From this order, appellant filed what was purported to be a motion for new trial, which the court overruled. On October 10, 1962, he filed a transcript of the record and assignment of errors with the Clerk of this Court, assigning as the sole error the overruling of the purported motion for new trial. On December 7, 1962, his brief was filed.

Appellee has filed a motion to dismiss the appeal or affirm the judgment, based principally upon the ground that appellant has not appealed from a final judgment; that therefore this court is without jurisdiction to hear the appeal.

The entry by the Hamilton Circuit Court, from which appellant claims to take his appeal, reads in part as follows:

"IT IS THEREFORE CONSIDERED, OR-DERED, ADJUDGED AND DECREED that the probation and suspended sentence of the defendant be and they hereby are revoked and the defendant is ordered confined in accordance with the prior sentence of 2 December 1960, . . . ."

In the Argument section of this brief, appellant takes it for granted that a decision and final judgment of the court was entered, for he argues the sufficiency of the evidence and that the finding and "judgment" is contrary to law.

We agree with appellee that the findings and decision of the trial court, although in the style and form of a judgment, do not constitute a final judgment from which appellant may appeal.

It has been said that the suspension of sentence or probation comes as a privilege or act of grace, and cannot be demanded as a matter of right, and the granting or refusal of such suspension or probation rests within the sound discretion of the court. 24 C.J.S., Criminal Law, §1618(5), p. 879; *Rode* v. *Baird, Sheriff* (1925), 196 Ind. 335, 144 N. E. 415, 148 N. E. 406. Our statutes specifically grant courts with criminal jurisdiction the power to suspend sentence and parole defendants convicted of misdemeanors and felonies upon entry of judgment of conviction, with certain exceptions not pertinent herein. Burns' Ind. Stat., 1956 Replacement, §9-2209. In exercising this power, conditions may be imposed by the court. Burns' Ind. Stat., 1956 Replacement, §9-2210. It is also provided that such probation may be revoked upon violation of the terms thereof after hearing before the court. Burns' Ind. Stat., 1956 Replacement, §9-2211.

In *Burns* v. *United States* (1932), 59 F. 2d 721, 725, it was stated as follows:

"It should be borne in mind in dealing with the question of probation and violation thereof, that the extending of probation to a person convicted of crime is purely a matter of grace, and that the revocation thereof is merely a withdrawal of the leniency so extended. The term of imprisonment which follows the revocation of probation is for the commission of the offense with which the probationer stands convicted, and is not in any sense a punishment for the violation of the terms of the probation. . . . Should the courts under such circumstances attach conditions and restrictions to the power of the trial judge? The whole theory of probation is that of giving to the convicted person an opportunity for reformation, and, when it is manifest that the probationer is not taking advantage of the opportunity given him, probation should be revoked, and the appropriate sentence for the crime theretofore committed should be imposed or executed."

Appellant's sentence began to run upon entry of the judgment of conviction, even though he was permitted to be at liberty on parole. The suspension of sentence at that time did not suspend the operation of the judgment. *Rode* v. *Baird, Sheriff, supra.* This was recognized by the court when it revoked the suspension. After the hearing, the court's order of revocation was one which revoked the suspension of the execution of the judgment of December 2, 1960, and did not of itself constitute a new judgment. See 24 C.J.S., Criminal Law, §1618(11), p. 904.

One of the terms of appellant's probation was that he not use intoxicants. The court found that he had violated this condition. From the evidence presented, the court did not abuse its discretion in revoking the probation, nor did it deprive defendant of any of his fundamental rights. It merely ordered the previous judgment to be executed and that appellant be confined in accordance therewith to

serve his sentence, less any credits to which he was entitled.

There being no final judgment in this matter from which appellant may appeal, no question is presented to this court. *Desho* v. *State* (1957), 237 Ind. 308, 145 N. E. 2d 429.

Appeal dismissed.

Achor, Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 104.