STATE EX REL. WILSON v. LOWDERMILK, JUDGE.

[No. 30,493. Filed January 21, 1964. Rehearing denied February 26, 1964.]

*Thomas J. Gallagher,* of Sullivan, for relator.

*Edwin K. Steers,* Attorney General, and *William D. Ruckelshaus,* Assistant Attorney General, for respondent.

ARTERBURN, J.—The relator has brought an original action for a writ of mandate against the Sullivan Circuit Court, asking that the court be required to vacate an order revoking a suspended sentence and that the relator be permitted to appeal from a revocation of the suspension of a sentence. We issued an alternative writ. The respondent court has filed a return herein.

It appears from the record and statement of attorneys representing the parties that the relator was charged with an assault and battery on September 25, 1962; that on April 1, 1963 he pleaded guilty to that charge. The court thereupon entered a judgment fining the defendant $1,000.00 and imposing a sentence of six months at the Indiana State Farm. An order was also made suspending the imposition of such a sentence as follows:

"The Court further finds that the fine and days shall be suspended on the good behavior of the defendant and on the further provision that he stay out of taverns in Sullivan County, Indiana and that he refrain from any violence, tumultuous conduct or fighting and brawling."

The record further shows that on May 14, 1963 a hearing was had on a charge of parole violation. The court took the same under advisement. No further action appears to have been taken thereon and we give it no further attention.

However, thereafter on September 20, 1963, the Prosecuting Attorney of Sullivan County filed a petition asking again that the suspension of relator's sentence be revoked. The court thereupon issued a bench warrant for the arrest of the relator, who it appears was then in the hospital in Sullivan County, Indiana as the result of injuries received in an affray with the police. Because of the injuries, a hearing was not held upon the revocation of the suspension until October 21 and 22, 1963. At that time more than six months had expired since the time of the original sentence and the date of the judgment (April 1, 1963). The relator, at the time of the hearing, was represented by counsel. The court, after hearing evidence upon the violation of the conditions of the suspended sentence, found:

" . . . that before the expiration of the six (6) months time, towit, on the 12th day of September, 1963, the said Gayle Wilson did violate the terms of his suspended sentence and parole, and the Court further finds that the suspension should be revoked and the sentence imposed; that hearing was delayed until this date because of defendant's physical condition."

The court further ordered that the defendant pay the fine of $1,000.00 and that he be imprisoned for six

months at the Indiana State Farm "from this date pursuant to the Judgment entered April 1, 1963."

The contention first made by the relator is that even though the petition to revoke the suspension was filed and a bench warrant issued on September 20, 1963, prior to the expiration of the six months sentence, nevertheless the court lost jurisdiction to revoke the suspended sentence, since six months had expired by the time the court heard the matter and made the order of revocation on October 22, 1963. This presents to the court the proposition of whether or not, if any petition or motion involving the court's jurisdiction or requesting it to act in the matter is filed within time, the court loses jurisdiction to act upon such motion or petition if the time expires before court action. In other words, does a court retain jurisdiction for a sufficient length of time within which it can hear the parties and make a final disposition? Analogous situations arise where, for example, a motion for a new trial is filed on the last day of the period within which it can be filed, or a petition for an extension of time is filed within a few days before the time has expired. The same would be true of petitions to transfer from the Appellate Court to this court. In such cases we retain jurisdiction to rule upon petitions that have been filed within time, even though the time within which they must be filed has expired.

Similarly, it may be said that if an action is filed before the expiration of the statutes of limitation, the court still retains jurisdiction to act in the case, although pending such final determinations the statutes of limitation have expired. *McAfee* v. *Reynolds* (1891), 130 Ind. 33, 28 N. E. 423, 18 L. R. A. 211. In this case the court, in consideration of the relator's physical condition, delayed the ruling on the

matter of the revocation of the suspended sentence until the relator could appear in court and be represented by counsel. Often, because of the shortness of time and press of work, the court cannot rule upon a pending matter at once. The practicalities of the situation require such time. The relator cites no authority in point to the contrary. There is no showing of any prejudice to the relator as a result of such delay. In fact, the delays were for his benefit. The court is entitled to retain jurisdiction for a reasonable length of time within which it can properly hear, consider, and rule on such matters.

In *Rode* v. *Baird, Sheriff* (1924), 196 Ind. 335, 144 N. E. 415, we held a court on a petition or citation filed fourteen (14) months after the period of probation or suspension had expired, could not revoke a suspension and impose a sentence. That case is to be distinguished from *Hunt* v. *State* (1917), 186 Ind. 644, 117 N. E. 856, wherein the citation for revocation was filed before the period of probation had expired.

It is a general principle of law that a court once acquiring jurisdiction, retains jurisdiction until there is a final disposition of the matter or proceeding before it. 21 C. J. S., Courts, §94, p. 147. Relator's position that the revocation of a suspended sentence must take place before the suspension period has expired cannot be sustained.

The next question that concerns us is: What sentence may be imposed in case of a revocation of a suspended sentence? It is argued by the relator that he was "serving" his sentence from the time the judgment was originally entered on April 1, 1963, and that therefore only 11 days remained of his sentence when the citation was issued on September 20, 1963 and his sentence had expired when it was revoked

on October 22, 1963. This, of course, is a purely semantical contention and to us appears to be a play on words. As a factual matter, the sentence was suspended. The defendant was not "serving" imprisonment. He was at liberty under "probation." At most, he was serving a period or term of probation; not imprisonment. To reason otherwise would mean that a defendant accepting a suspended sentence could, within the last few days of the term under which the sentence was suspended, violate with impunity the conditions thereof, knowing full well that he would have little or no remaining penalty to pay by the time the court machinery could be set in motion to revoke the suspension. Such a holding would encourage defendants under suspended sentence to flee and return with impunity after the probation period had run. We do not believe the law should be interpreted in a fashion that makes it appear ridiculous, using a purely technical ground to reach such a result.

In view of what has been said, the following statute must be interpreted in that light. Burns' §9-2211 (1956 Repl.) states:

> " . . . At any time within the maximum period for which the defendant might originally have been committed, but in no case to exceed five [5] years, the court may issue a warrant and cause the defendant to be arrested and brought before the court. If it shall appear that the defendant has violated the terms of his probation or has committed another offense, the court may revoke the probation or the suspension of sentence and may impose any sentence which might originally have been imposed."

Probation is merely the condition resulting from a suspended sentence. To hold otherwise would frustrate the meaning of the law. This is the sense in which the statement is made in *Sutton* v. *State* (1963), 244 Ind. 368, 191 N. E. 2d 104, that the "sen-

tence" (in reality the period of probation) begins to run from the entry of the judgment of conviction.

It is plain that under the above statute [Burns' §9-2211 (1956 Repl.)] a trial court has authority during the period of probation, but not exceeding five [5] years, to impose the full sentence upon the proper revocation of a suspended sentence, regardless of the fact that a portion of the probation period has expired.

Relator contends that no affidavit was filed, nor any hearing held prior to the issuance of a bench warrant for the defendant to be brought before the court for a hearing on the revocation of the suspension. There is nothing in the statute requiring that a verified petition be filed before a suspension may be revoked. So far as appears in the statute, the court may initiate a hearing on its own motion and in the exercise of its discretion. (Burns' §9-2211)

The relator next insists that "there is no evidence to support a finding that the defendant had violated the terms of his suspension". However, the record shows plainly that the court did hear evidence and that the defendant was represented by counsel, and that undoubtedly he was involved in some "violence, tumultuous conduct, fighting and brawling" referred to in the suspended sentence. However, such omission is not controlling in this case by reason of our determination on the ensuing contention: The defendant urges that he is entitled to an appeal from the order of the trial court revoking his suspended sentence. We have recently determined such a contention contrary to that made by the relator. *Sutton* v. *State* (1963), 244 Ind. 368, 191 N. E. 2d 104. In that case it was said:

> "It has been said that the suspension of sentence or probation comes as a privilege or act of grace,

and cannot be demanded as a matter of right, and the granting or refusal of such suspension or probation rests within the sound discretion of the court. (Cases cited). Our statutes specifically grant courts with criminal jurisdiction the power to suspend sentence and parole defendants convicted of misdemeanors and felonies upon entry of judgment of conviction, with certain exceptions not pertinent herein. Burns' Indiana Statutes, 1956 Repl. §9-2209."

We have held that a defendant has the choice of accepting the benefits of a suspended sentence under the terms which the court sees fit to impose, or reject the suspended sentence and appeal, if he so desires, or to serve the time. The law does not compel the trial court to suspend the sentence nor compel the defendant to accept the suspended sentence under the terms imposed. In event the defendant accepts the benefits of a suspended sentence and goes at liberty under the terms of the probation, he may not thereafter appeal. It is well established law that one can not accept the benefits of a judgment and at the same time object thereto and refuse to be bound by the undesirable portion thereof.

The same is true as to a pardon granted upon condition. *Walther* v. *State* (1913), 179 Ind. 565, 101 N. E. 1005; *Manlove* v. *State* (1899), 153 Ind. 80, 53 N. E. 385; *Sutton* v. *State* (1924), 194 Ind. 479, 143 N. E. 353.

It should be borne in mind that since the court could have imposed the full sentence without suspension upon the defendant when the judgment was originally entered, the mere withdrawal of the suspension or the leniency extended is not the entering of a new judgment. The recent case of *Sutton* v. *State* (1963), 244 Ind. 368, 191 N. E. 2d 104, makes this clear.

Relator accepted the suspension subject to the exercise of the court's discretion in such case.

Burns' §9-2301 (1956 Repl.), which grants the defendant an appeal, is limited to final judgments ▮ referred to in the statute and does not include orders revoking suspended sentences.

The alternative writ heretofore issued is vacated and relator's petition for mandate denied.

Landis, C. J., Achor and Myers, JJ., concur. Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—I cannot fully agree with the conclusions reached in the majority opinion and therefore dissent thereto.

The dicta in the majority opinion,

" . . . To reason otherwise would mean that a defendant accepting a suspended sentence could, within the last few days of the term under which the sentence was suspended, violate with impunity the conditions thereof, knowing full well that he would have little or no remaining penalty to pay by the time the court machinery could be set in motion to revoke the suspension. Such a holding would encourage defendants under suspended sentence to flee and return with impunity after the probation period had run. . . . "

is easily counter balanced by stating the converse thereof to the effect that a judge, who saw fit to do so, could by the deliberate suspension of a sentence and the equally deliberate revocation of such suspension, cause a man to spend years under threat of imprisonment for a relatively minor offense, when by the prompt imposition of a short term of imprisonment the defendant could have fully satisfied his debt to society.

The relator contends that there is no evidence to support a finding that the defendant had violated the terms of his suspension. The record discloses, *inter alia,* "[t]he court further finds that before the expiration of the six (6) months time, to-wit, on the 12th day of September, 1963, the said Gayle Wilson did violate the terms of his suspended sentence and parole, and the court further finds that the suspension should be revoked and the sentence imposed."

The relator's contention is correct, the record does not disclose evidence, it merely recites the conclusions of the court. The statement in the majority opinion, "[h]owever, the record shows plainly that the court did hear evidence and that the defendant was represented by counsel," is true, but adds nothing of probative value to the opinion. The further statement "and that undoubtedly he was involved in some 'violence, tumultuous conduct, fighting and brawling,' " is certainly only an assumption or inference on the part of the writer not sustained by the record before us.

Finally, I disagree with the conclusion that the relator here is denied an appeal from the judgment of the trial court imposing the new sentence. Whenever the legal rights of an individual are affected adversely by a judicial proceeding the right of review is inherent.

The trial court revoked the suspended sentence of April 1, 1963, on October 22, 1963, and on that date imposed a new sentence by the terms of which, in addition to a fine of $1,000, relator was sentenced to the Indiana State Farm for a term of six months beginning October 22, 1963. Relator seeks, in this action, a review of the proceedings below revoking the suspension of the original sentence and the imposition of the new

one. Relator is entitled to such review and the Writ prayed for should be issued.

NOTE.—Reported in 195 N. E. 2d 476.