## JAMES EARL DAVIS V. STATE OF INDIANA.

[No. 470S79. Filed March 2, 1971.]

*William C. Erbecker, James Manahan, DeWitt, Richards & Manahan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Martin C. Basch,* Deputy Attorney General, for appellee.

HUNTER, J.—On December 30, 1965, appellant was charged by affidavit with the crime of robbery. Upon a plea of guilty, he was, on February 11, 1966, sentenced under Indiana's Minor Statute (Ind. Ann. Stat. § 9-1815 [1956 Repl.]) to the Indiana Reformatory for a period of not less than one (1) nor more than ten (10) years. The sentence, however, was suspended and appellant was placed on probation for a period of two (2) years. During the ensuing two years, two separate Violation Reports were filed by the Probation Department, one on November 17, 1967, and one on January 18, 1968. As to the first, appellant was merely reprimanded and probation continued; as to the second, the record discloses only that the appellant was ordered released from the custody of the sheriff.

On July 10, 1968, a third Violation Report was filed and a warrant issued. This warrant was outstanding for nearly a year, but on June 17, 1969, appellant's custody was secured and a hearing on the alleged probation violation was held on June 20, 1969. As a result of this hearing the suspension of sentence was revoked and appellant was sentenced to the Indiana Reformatory for a period of not less than ten (10) years nor more than twenty-five (25) years.

Following this hearing, a writ of habeas corpus was filed with the Madison Circuit Court alleging essentially that appellant's confinement resulting from the aforementioned hearing was improper. Upon a motion duly filed, jurisdiction over the writ was transferred pursuant to Rule P.C. 1 (A) (3) to the Marion Criminal Court, Division I, which court had originally sentenced appellant. At a hearing on the writ, it was determined that appellant was properly confined and it is from this determination that an appeal is brought.

Appellant's first contention is that the trial court was not at liberty to revoke its suspension of sentence on the basis of a Probation Violation Report filed after the expiration of the probation period. A resolution of this assertion depends upon an interpretation of Ind. Ann. Stat. § 9-2211 (1956 Repl.) which reads as follows:

"At the close of the probation period, or whenever directed to do so, by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereafter discharge the probationer from probation, or may extend the probation period, as shall seem advisable. At any time within the probation period, the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon, the probationer shall forthwith be taken before the court for hearing. *At any time within the maximum period for which the defendant might originally have been committed, but in no case to exceed five [5] years, the court may issue a warrant and cause the defendant to be arrested and brought before the court.* If it shall appear that the defendant has violated the terms of his probation or has committed another offense, the court may revoke the probation or the suspension of sentence and may impose any sentence which might originally have been imposed." (our emphasis)

Having found no cases directly on point we are forced to render an opinion as to the proper interpretation of this statute in light of the argument advanced by appellant. In so doing, it would seem evident from the express terms of the statute that the trial court acted within permissible bounds in revoking the suspended sentence notwithstanding the fact that the Violation Report ultimately resulting in the revocation of the suspended sentence was not filed until after the expiration of the probation period.

This conclusion is reached on the basis of the emphasized language found in the statute above quoted. It is there made manifestly clear that the trial court is permitted to take action within a period of up to five years should it *appear* that the defendant has either (1) violated the

terms of his probation or (2) committed another offense. Obviously here, there could have been no finding that the appellant violated the conditions of his probation, for the period of such probation had in fact expired. Nevertheless, there was an allegation in the Violation Report that appellant had committed the crime of first degree burglary and that charges were then pending as of the date of that report. Under our interpretation of the statute, this fact would justify the trial judge, in a reasonable exercise of his judicial discretion, in revoking the suspended sentence.

Appellant cites the case of *State* v. *Lowdermilk* (1964), 245 Ind. 93, 195 N. E. 2d 476 for a contrary interpretation arguing that the revocation must result from a Violation Report filed within the probationary period. In that case, however, the term of the suspended sentence and the probationary period were the same. While it is true that the case might be cited for the proposition that court action may be taken pursuant only to a Report filed within such a period, its holding cannot reasonably be construed to cover a situation such as before us where the term of the suspended sentence exceeds the probationary period. In such a case, the statute clearly allows the court to revoke a suspension during a period not to exceed five years. The net effect, where the probationary period is less than five years is to place a defendant on "quasi-probation" for the balance of the suspended sentence term up to five years. All special conditions imposed on the granting of probation would be lifted upon the expiration of the probationary period but the suspended sentence is still subject to revocation should it appear that another offense has been committed during the remaining term of the five year period.

It should be noted that implicate in the judge's discretionary right to revoke the suspended sentence is a requirement that he be reasonably certain that there is some foundation to the charges pending so as to justify his revocation. We are hesitant to articulate a standard of proof re-

quired in such an instance since the initial granting of such a suspension comes as a privilege or act of grace. *State* v. *Lowdermilk, supra; Sutton* v. *State* (1963), 244 Ind. 368, 191 N. E. 2d 104. Suffice it to say that there must be sufficient evidence of the commission of another crime so as to *reasonably* satisfy the trial judge that a revocation is warranted. Any such determination is reviewable only for an abuse of the trial court's discretionary powers. Here the record discloses that the trial judge specifically inquired into the matter of appellant's second offense and there clearly was ample evidence to support his determination that the suspended sentence properly be revoked.

It is next contended that, assuming the propriety of revoking appellant's suspended sentence, the trial court was without authority to impose a greater sentence than that originally imposed and suspended. Both parties concede the question to be one of first impression in this state and we shall so treat it. The appellee relies heavily on the language of § 9-2211 wherein it says that the court may impose any sentence which might originally have been imposed. This language, the state contends, permitted the trial judge to impose the full sentence upon appellant of not less than ten (10) nor more than twenty (20) years even though he had originally been sentenced under the Minor Statute.[1] We disagree. At the time of the original sentencing, the trial judge had the option of sentencing appellant pursuant to the penalties prescribed by the robbery statute or to sentence him, if he thought desirable, under the Minor Statute which prescribed a lesser penalty. What factors prompted the trial judge to select the lesser penalties imposed by the Minor Statute is no longer a matter for our concern. What is important, nevertheless, is that the trial judge at that time made a judicial

---

1. The trial court, upon its revocation of the suspended sentence, actually imposed a sentence of not less than ten (10) nor more than *twenty-five* (25) years. Both parties on appeal agree, however, that the maximum sentence permitted on a robbery charge at the time of this sentencing, under our holding in *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815, was not to exceed twenty (20) years.

determination relative to the sentencing of appellant and elected to sentence him under the Minor Statute. It is our considered opinion that this determination is not made subject to re-consideration by the provisions of § 9-2211. Rather, § 9-2211 refers to the statute *under which a defendant was actually sentenced,* here the Minor Statute. Consequently, upon revocation of the suspended sentence, the trial judge was at liberty to impose any sentence which could have been imposed under § 9-1815, i.e. here a sentence to the Indiana Reformatory for a term of not less than one (1) nor more than ten (10) years *or* to the Indiana State Farm for a determinate period not exceeding one (1) year. A contrary holding would imply adherence to a philosophy of vindictive justice in clear violation of our state constitution (see Ind. Const. Art. 1 § 18.) and fails to be legitimized by any overriding state interest. This is especially true under the facts in this case since the trial judge had the right under Ind. Ann. Stat. § 9-1203 (1956 Repl.) to withhold the pronouncement of sentence during good behavior. Had this been done, no election would have been made and the trial judge would have been free upon re-arrest to sentence as he saw fit.

Appellant's final contention is that he had a right to counsel at the revocation proceedings and that any such right necessarily implies the right to have adequately prepared counsel; his, he asserts, was not given an opportunity to so prepare. Interestingly enough, appellant claims to be presenting this proposition only for the purpose of establishing that he should not be held to have waived any of his rights at the hearing. Since no part of this decision is related in any way to an alleged waiver of appellant's rights at the revocation hearing, we are at somewhat of a loss to know exactly what appellant is here attempting to raise. Suffice it to say that the record fails to substantiate his claim that counsel was ill-prepared; counsel's demonstrated familiarity with the factual situation is evident and if prejudice did in fact accrue to appellant

because of counsel's performance, it is neither apparent nor articulated.

For the reasons herein advanced, the trial court's judgment imposing a sentence running ten (10) to twenty-five (25) years is reversed and this cause is remanded to the trial court with directions to enter a nunc pro tunc order modifying appellant's sentence consistent with this opinion.

Modification of judgment of sentence ordered.

Arterburn, C.J., Givan and Prentice, JJ., concur. DeBruler, J., concurs with opinion.

### CONCURRING OPINION

DeBruler, J.—I do not agree with the statement in the majority opinion of the standard to be applied by the trial court at revocation of suspension hearings. I would apply the same standard in those hearings as are applied in ordinary civil cases. On appeal I would apply the standard that the trial court's decision must be supported by substantial evidence of probative value.

Note.—Reported in 267 N. E. 2d 63.