JAMES SMITH *v.* STATE OF INDIANA.

[No. 1171S318.  Filed May 8, 1973.]

*Nola Allen,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

## ON MOTION TO DISMISS

ARTERBURN, C.J.—The state has filed a motion to dismiss this appeal in which the defendant pleaded guilty to a violation of the Firearms Act—carrying a pistol without a license. After a pre-sentence investigation, the court sentenced the defendant to the Indiana State Farm for one (1) year and fined him $2000.00.  The sentence was suspended.  During the probationary period the defendant was convicted of uttering a fraudulent instrument.  Thereupon, the defendant was ordered into court on the original charge for which he had been given a suspended sentence and the court found that he had violated the terms of his probation, and revoked the suspension of sentence.  The court also vacated the sentence of one (1) year

on the State Farm and the fine, and thereupon sentenced the defendant to imprisonment at the Indiana State Reformatory for a period of ten (10) years.

The state has filed a motion to dismiss the appeal of the latter sentence on the ground that the time within which an appeal may be taken has expired, calculating the time from the date the defendant was originally sentenced, citing *Sutton* v. *State* (1963), 244 Ind. 368, 191 N. E. 2d 104.

With this contention we do not agree. *Sutton* v. *State, supra,* is not applicable for the reason that there the original sentence was not altered, but only the suspension was revoked. In this case a new sentence was substituted for the original sentence and the old sentence was entirely vacated. In our opinion *Davis* v. *State* (1971), 256 Ind. 58, 267 N. E. 2d 63 is applicable. It involves the rendering of an entirely new sentence and not merely the revocation of the suspension of an old sentence.

The time begins to run in this case from the date of the last sentence rendered by the court, June 9, 1971, and therefore the motion to correct errors was timely filed.

Criminal Rule 16 provides that the defendant shall have sixty (60) days "from the date of sentencing to file a motion to correct errors." As to the contention that this case is not an appeal from a final judgment, the case of *Davis* v. *State, supra,* is decisive.

The motion to dismiss is overruled and the state is granted thirty (30) days from this date to file an answer brief. ALL JUSTICES CONCUR.

NOTE.—Reported in 295 N. E. 2d 612.