JAMES SMITH *v.* STATE OF INDIANA.

[No. 1171S318· Filed February 19, 1974.]

*Nola Allen,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

GIVAN, J.*—Appellant was charged by affidavit with the crime of carrying a pistol without a license. Upon a plea of guilty, appellant was sentenced to one year's imprisonment and fined $200 and costs. The sentence was suspended and appellant placed on probation for one year. Within the probationary period the appellant was charged with having violated the terms of his probation in that he had been guilty of uttering a forged instrument. A hearing was had pursuant to IC 35-7-2-2, BURNS IND. ANN. STAT. (1973 Supp.), § 9-2211, which statute reads as follows:

---

* This case has been before this Court previously on appellee's motion to dismiss. See *Smith* v. *State* (1973), 261 Ind. 509, 295 N. E 2d 612, 36 Ind. Dec. 320. This case was assigned to the writer of this opinion on July 11, 1973.

"At the close of the probation period, or whenever directed to do so, by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereafter discharge the probationer from probation, or may extend the probation period, as shall seem advisable. At any time within the probation period, the probation officer may arrest the probationer only upon warrant issued by the sentencing court. Thereupon the probationer shall forthwith be taken before the court for hearing, where probationer may be represented by counsel of his choice. At any time within the maximum period for which the defendant might originally have been committed, but in no case to exceed five [5] years, the court may issue a warrant and cause the defendant to be arrested and brought before the court. If it shall appear that the defendant has violated the terms of his probation or has been found guilty of having committed another offense, the court may revoke the probation or the suspension of sentence and may impose any sentence which might originally have been imposed."

The trial judge found that appellant was in violation of his probation by reason of his conviction of uttering a forged instrument. Appellant's probation was, therefore, revoked, and the prior judgment set aside. The court then under authority of the statute sentenced the appellant to imprisonment in the Indiana State Reformatory for a period of ten years.

Appellant first contends the trial court erred in setting aside its previous judgment and imposing a sentence of ten years. It is appellant's argument that the above quoted statute is unconstitutional in that it deprived him of due process and a speedy trial and constituted double jeopardy.

With this we do not agree. The statute provides for a hearing at which the probationer may be represented by counsel. A determination is made as to whether or not cause exists for the revocation of the privilege previously extended. If a new judgment is imposed after the revocation of probation and the setting aside of the previous sentence, an appeal lies from that final judgment. *Smith* v. *State* (1973), 261 Ind. 509, 295 N. E. 2d 612, 36 Ind. Dec. 320. The statute in question affords the person who ac-

cepts probation all due process guaranteed by the Constitution of the United States and the Constitution of Indiana.

Appellant argues that to sentence him anew is in effect double jeopardy. This same argument has been used in situations where an appellant has been successful in obtaining a reversal of a conviction and then has argued that a second trial would amount to double jeopardy. In *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656, the United States Supreme Court addressed itself to this problem and at page 723 stated:

> "We hold, therefore, that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' Williams v. New York, 337 US 241, 245, 93 L Ed 1337, 1341, 69 S Ct 1079. Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in Williams v New York, supra, that a State may adopt the 'prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime.' Id., at 247, 93 L Ed at 1342."

The situation in the case at bar is analogous. The appellant for obvious reasons for his own benefit chose to accept probation under the terms set forth by the trial court and under the conditions set out in the pertinent statutes. When he violates the probation so afforded him, he cannot be heard to complain that the operation of the statute constitutes double jeopardy. For the same reasons we cannot accept appellant's argument that he was denied a speedy trial by reason of the intervening period of probation.

In making this decision we are not unmindful of the decision

of the Supreme Court of the United States in *Roberts* v. *United States* (1943), 320 U.S. 264, 88 L. Ed. 41, 64 S. Ct. 113, where a federal statute of very similar wording to the Indiana statute was interpreted by Justice Black to mean that a person receiving a suspended sentence may not be sentenced anew upon the revocation of the suspension and be given a term exceeding his original sentence.

Justice Frankfurter dissented in the *Roberts* case.

The majority does not feel bound by Justice Black's decision in interpreting a similar federal statute. It is our thinking that the reasoning of Justice Frankfurter with whom Justice Reed concurred is much preferred when applied to the Indiana statutes and the cases which have previously interpreted that statute.

It should be pointed out that the majority opinion in the *Roberts* case implies that a sentencing judge under the statute has the choice of either rendering judgment by which the defendant is sentenced to a specific term or in withholding the passing of sentence and placing the defendant on probation with sentence to be passed at a later time. The Indiana Supreme Court has specifically ruled that to so withhold a sentence is a denial of the defendant's constitutional rights under Article 1, Section 12 of the Indiana Constitution which provides that:

> "Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

*Taylor* v. *State* (1954), 233 Ind. 398, 120 N. E. 2d 165. Thus this Court has held that under the Indiana statute a judge may not withhold sentence, but must, within a reasonable time, state the specific terms of the sentence. With this in mind, it would appear that if courts are to be encouraged to give suspended sentences, they must be given the latitude allowed within the plain wording of the statute to insure that a defendant accepting the terms of

probation will do so with full realization of the gravity of the consequences of the violation of that probation.

If we were to hold today that a judge may not impose sentence greater than the sentence originally imposed at the time probation was accepted, we would leave trial judges with little recourse but to give the maximum time allowed by statute to every defendant to whom they intend to extend the privileges of a suspended sentence. Such a situation would severely damage the flexibility which the legislature obviously intended when the statute was passed.

The appellant has also raised a question on this appeal that the commitment issued by the Clerk of Marion County did not follow the judgment of the trial court in that the judgment of the trial court sentenced the appellant, who was at that time 24 years of age, to the Indiana Reformatory, but that the commitment ordered the appellant delivered to the Indiana State Prison. He also claims the commitment recites that there is a $200 fine imposed, whereas the judgment of the trial court does not impose such a fine. This matter was not called to the attention of the trial court by any pleading or in any manner revealed in this record. The appeal in this case lies from the judgment of the trial court and does not address itself to the commitment issued by the clerk of said court. However, this Court has on its own motion contacted the trial judge in this case and ascertained from said judge, who has furnished the clerk of this Court with a copy of his order therein, that the trial court has *sua sponte* ordered the correction of the commitment in this cause. We find no reversible error in this record.

The trial court is, therefore, affirmed.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—This statute like the Federal Probation Act enacted by Congress in 1925, and construed by the United States Supreme Court in *Roberts* v. *U.S.* (1943), 320 U.S.

264, 64 S. Ct. 113, 88 L. Ed. 41, authorizes a sentencing judge, in a certain defined situation to suspend the imposition of a sentence of imprisonment, and to place the defendant on probation. The authority of courts to suspend the imposition of the sentence of imprisonment is defined and distinguished from their authority to suspend the execution of a sentence of imprisonment in the following sentence of IC 1971, 35-7-1-1, being Burns § 9-2209:

> "In case the court shall impose a fine, with a concurrent sentence of imprisonment, the court may suspend the execution of the sentence of imprisonment and may place the defendant on probation and may require that said fine be paid in one or several sums while on probation; *or the court may impose a fine and may suspend the imposition of the sentence of imprisonment, and may place the defendant on probation for such period as the court may prescribe.*" (Emphasis added.)

This authority to suspend the imposition of sentence of imprisonment would legitimately be utilized in Indiana, for example, by the judge of a court having only misdemeanor jurisdiction, when sentencing a defendant following a plea of guilty to an offense, the penalty for which may be both a fine and imprisonment and the judge couples that suspension with an order to pay a fine. Such a decision by the trial court would meet the requirements of both Burns § 9-2209 and CR. 11.[1] In this case it is unnecessary to define the exact perimeters of the authority of courts to suspend imposition of sentences. That the power exists in contemplation of this statute is here sufficient. With the statutory distinction in mind suspension of imposition on the one hand and suspension of execution on the other, the intention of the Legislature in enacting the following provision in IC 1971, 35-7-2-2, being Burns § 9-2211, becomes manifest:

---

1. Criminal Rule 11 reads in part: "In all courts of superior jurisdiction having general jurisdiction to try felony charges, the trial court shall sentence a defendant convicted in a criminal case on a plea of not guilty within thirty (30) days of the finding or verdict of guilty."

> *"If it shall appear that the defendant has violated the terms of his probation or has been found guilty of having committed another offense, the court may revoke the probation or the suspension of sentence and may impose any sentence which might originally have been imposed."* (Emphasis added.)

This provision was intended to authorize a trial court to impose any term of imprisonment contemplated by the appropriate sentencing statute, where the imposition of the sentence of imprisonment had been suspended, that is to say, where no term of imprisonment had been originally stated. In the event a court in a proper case, has legitimately placed a convicted defendant on probation without announcing his decision upon the time to be served in jail, he retains the full range of sentencing possibilities upon revocation of that probation. But where the trial court suspends the execution of a specific term of imprisonment upon conditions, he is not authorized by this language to vacate that specific term, and to substitute a greater term of imprisonment for it at some future time, after a violation of the conditions.

The first judgment of the trial court for carrying a pistol without a license, was rendered on November 13, 1970, and reads as follows:

> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Defendant James Smith be and hereby is sentenced to the Indiana State Farm for One (1) year and fined Two Hundred Dollars ($200.00) and Costs. Sentence Suspended. Probation for One (1) year. Surety released."

In May of 1971, during probation, the appellant was convicted of kiting a bad check and was appropriately sentenced. On June 9, 1971, following a hearing, the trial court revoked the suspended sentence for carrying a pistol without a license, and vacated his judgment and entered a new judgment as follows:

> "All right, the defendant having been found guilty in this Court on May twenty-first, 1971, of committing the crime of Uttering a Forged Instrument in the month of February,

1971, at a time while he was on probation to this Court, I now find that the defendant has now behaved well and has violated the terms of his probation. The probation and suspension of sentence are therefore revoked. The judgment of sentence heretofore entered on November the twentieth, 1970, is vacated and set aside. I find the defendant's age to be twenty-four (24) years, and I sentence him to imprisonment at the Indiana State Reformatory for a period of ten years. All right, that's all."

I am convinced, that the interpretation given the language in the *Roberts* case is correct, and that the same construction should be afforded the identical language in Indiana's statute. I would therefore hold that Burns § 9-2211, does not authorize the entry of the second judgment rendered by the trial court here.

If the Legislature intended by this statute, as is held by the majority to authorize a trial court to add years to a term of imprisonment already stated in a legal and original judgment by the additional terms of which a defendant is placed on probation as was done in this case, I would be irresistibly drawn to the conclusion that this statute, insofar as such a result was intended is repugnant to the letter and spirit of the Double Jeopardy and Due Process Clauses of our State and Federal Constitutions. In *In Re Lange* (1874), 18 Wall. 163, 21 L. Ed. 872, the United States Supreme Court held that the Double Jeopardy Clause of the Fifth Amendment prevented the criminal from being twice punished for the same offense on the same verdict. Also, while courts retain inherent judicial power to alter judgments during the term in which they are rendered, that power does not include the power to augment a lawful judgment which has been partially executed. *U.S.* v. *Benz* (1931), 282 U.S. 304, 51 S. Ct. 113, 75 L. Ed. 354.

Here the appellant was told by the Court's judgment that a term of one year imprisonment would follow a revocation of the suspension. He left the courtroom with this understanding. He then commenced to comply with the terms of the judgment by serving on probation and paying the sum of

fifty dollars ($50.00) towards a two hundred dollar ($200.00) fine imposed by the original judgment. Having therefore suffered part of the punishment meted out by the trial court in the form of probation and partial payment of a fine, prior to the violation of probationary terms, the subsequently imposed sentence of ten years imprisonment was barred by the Double Jeopardy Clause of the Fifth Amendment. *State* v. *Wheeler* (1972), 108 Ariz. 338, 498 P. 2d 205. A Kentucky statute, almost identical to Burns § 9-2211, was held violative of the Double Jeopardy Clause in *Hord* v. *Commonwealth* (1970), Ky., 450 S.W. 2d 530.

I think it is important to point out that the Double Jeopardy Clause of the Fifth Amendment was not applicable to the States until 1969. *Benton* v. *Maryland* (1969), 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707. Therefore the impact of that Clause upon our sentencing statutes was not assessed in such cases as *State ex rel. Wilson* v. *Lowdermilk, Judge* (1963), 245 Ind. 93, 195 N. E. 2d 476, and *Sutton* v. *State* (1963), 244 Ind. 368, 191 N. E. 2d 104. *Davis* v. *State* (1971), 256 Ind. 58, 267 N. E. 2d 63, is the first Indiana case to assess this impact.

*North Carolina* v. *Pearce* (1969), 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656, and *Colten* v. *Kentucky* (1972), 407 U.S. 104, 92 S. Ct. 1953, 32 L. Ed. 2d 584, are inapposite here, since they involve a new sentence imposed after retrial following a successful appeal, and after retrial *de novo* in a two-tiered trial court system. In the case before us, there was no fresh determination of guilt or innocence. I dissent.

NOTE.—Reported in 307 N. E. 2d 281.