358 N.E.2d 753 (1977)
Daniel G. HOFFA, Defendant-Appellant,
v.
STATE of Indiana, Plaintiff-Appellee.
No. 1-976A165.
Appellate Court of Indiana, First District.
January 11, 1977.
Rehearing Denied February 11, 1977.
*754 Robert L. Bauman, John R. Gambs, Heide, Gambs & Mucker, Lafayette, for defendant-appellant.
Theodore L. Sendak, Atty. Gen., David L. Steiner, Deputy Atty. Gen., for plaintiff-appellee.
ROBERTSON, Chief Judge.
Defendant-appellant, Daniel Hoffa, brings this appeal from the trial court's *755 decision revoking his probation and reinstating a suspended sentence.
On June 30, 1975, subsequent to a plea of guilty to a robbery charge, Hoffa was sentenced under the Minor Sentencing Act for a period of not less than one (1) nor more than ten (10) years. The trial judge suspended Hoffa's sentence and placed him on probation for a period of three (3) years. Hoffa's probation was subject to numerous conditions imposed by the trial court. Hoffa acknowledged these conditions and entered into a formal probation agreement with the trial court.
On February 26, 1976, Hoffa was arrested and charged with two counts of unlawful dealing in a controlled substance. On the following day, a bench warrant was issued for the arrest of Hoffa for possible probation violations.
The State notified Hoffa that his probation was subject to revocation for the following violations:
* * * * * *
"1) That the defendant agreed that he would not be arrested and in fact the defendant was arrested, and secondly, the defendant agreed that he would not engage in unlawful acts when in fact the evidence will show that the defendant has engaged in unlawful acts."
On March 31, 1976, the trial court conducted a probation revocation hearing after overruling Hoffa's motion to dismiss the revocation proceedings because no adjudication of guilt had been made. The State introduced evidence showing that Hoffa had made two separate sales of marijuana to an undercover police agent.
After receiving the evidence, the trial judge concluded, among other things, on May 6, 1976, that Hoffa's arrest was reasonable and proper; that this arrest violated the terms of his probation; that his probation should be revoked; that the suspended sentence should be reinstated, and that he be committed to serve the original sentence.
The sole question presented by Hoffa for our review is whether probation may be revoked and a suspended sentence reinstated upon arrest for a subsequent offense prior to an adjudication of guilt for that offense.
We reverse and remand.
Hoffa contends that before probation may be revoked for a subsequent arrest, it is first necessary that an adjudication of guilt be made. He cogently argues that a conviction for a subsequent offense is a prerequisite to revocation.
The power to suspend a sentence and place a person on probation is specifically governed and defined by IC 1971, 35-7-1-1 (Burns Code Ed.) which, in pertinent part, states that:
"... whenever such court, in the exercise of its judgment and discretion, shall find and determine that such person has committed the offense for which he or she has been convicted under such circumstances as that, in the judgment of such court, such person should not suffer the penalty imposed by the law for such offense is he or she shall thereafter behave well, or whenever such court shall find and determine that by reason of the character of such person, or the facts and circumstances of such case, the interest of society does not demand or require that such person shall suffer the penalty imposed by law if he or she shall thereafter behave well."
Thus, the granting of probation is a discretionary power reserved for the trial court to be exercised within the statutory guidelines as promulgated by our legislature. As a corollary to the power to grant probation, the trial court is allowed to "... impose such conditions as it may deem best" upon the probationer. IC 1971, 35-7-2-1 (Burns Code Ed.).
Concurrent with the power to grant probation and impose conditions thereon, the trial court has the authority to revoke probation under certain specified conditions. Our legislature has determined that a trial court may revoke probation when "... it shall appear that the defendant has violated the terms of his probation or has been *756 found guilty of having committed another offense." IC 1971, 35-7-2-2 (Burns Code Ed.). (Our emphasis.).
Hoffa entered into a written probation agreement which specified, as a condition of his probation that he:
* * * * * *
"Violate no penal law of any local, state or federal government and be of general good behavior."
There is no indication in the written probation agreement that a specific condition of "not being arrested" attached to Hoffa's probation. However, during the sentencing hearing, the trial judge expressly stated on the record that the following condition was to be imposed as a term of Hoffa's probation:
"1) That they (he) behave well and that that term expressly means not being arrested or convicted of any crime except traffic violations."
Hoffa's probation revocation was premised upon a violation of the condition of "not being arrested". Hoffa argues that since this condition was not part of the formal probation agreement, it was not a condition of his probation. We believe differently. While the condition should have been reduced to writing and made a part of the probation agreement, we feel that the trial court intended the condition of "not being arrested" to be imposed upon Hoffa. The record shows that Hoffa was aware and informed of this probation condition and understood it to be a specific condition.
The trial court acted within the scope of its statutory power when it imposed the specific condition of "not being arrested" upon Hoffa, and although the trial court may revoke probation when a condition has been violated, we are of the opinion that an arrest without a conviction is not sufficient to revoke probation even in cases where, as here, the trial court has specified that the probationer is not to be arrested.
An issue similar to the one presented here was addressed by this Court in Ewing v. State (1974), Ind. App., 310 N.E.2d 571. In Ewing the defendant was placed on probation subject to the conditions that he "not commit another criminal offense" and that "he behave well". One month after being placed on probation, Ewing was arrested for another offense and revocation proceedings were initiated. The trial court, in revoking Ewing's probation, found that he had violated the condition of "not committing another offense" although no final adjudication of his guilt had been made.[1]
Judge Sullivan, in answering the question of whether probation may be revoked for the commission of a subsequent offense before conviction, succinctly stated that:
"It is apparent that the legislature by its 1967 amendment intended to require a criminal conviction prior to revocation of a suspended sentence or probation predicated upon commission of another offense. State ex rel. Gash v. Morgan County Superior Court, supra.[2]
In the Gash case, our Supreme Court reviewed the revocation of a defendant's suspended sentence, and stated that the statutorily imposed general condition of "`good behavior' means lawful conduct, i.e., abstaining from criminal acts... ." Id. 283 N.E.2d 354. The court thus held:
"If the revocation is for breach of the general condition of good behavior, there must have been a determination of guilt between the date of suspension and the date of the revocation hearing." 283 N.E.2d at 355.
The clear import of revocation statute and the Gash decision leads inevitably to the conclusion that revocation of a suspended sentence or probation solely by reason of unlawful conduct, i.e. commission *757 of another crime, must be preceded by a criminal conviction.
In addition to the statutory condition of "good behavior", the trial court may impose upon a probationer "conditions as it may deem best", and may thereafter revoke probation for violation of such additional conditions. IC 1971, 35-7-2-1, Ind. Ann. Stat. § 9-2210 (Burns 1956). However, if the additional condition violated is one requiring refrainment from criminal activity, then a criminal conviction for such activity is required prior to probation revocation. See: e.g., Smith v. State (1974), 261 Ind. 510, 307 N.E.2d 281 (probation revoked for subsequent criminal conviction)." Ewing v. State, supra at 575-576.
The State argues that Ewing does not control the instant case because the condition imposed upon Hoffa is more specific than the general conditions of "good behavior" and "commission of another offense". We agree that the condition in issue is more specific and is not subject to arbitrary application. Compare, Dulin v. State (1976), Ind. App., 346 N.E.2d 746. However, the condition "not to be arrested" is simply an extention of the general requirement of "good behavior". This condition expressly implies that the probationer is to refrain from the commission of any criminal offense. Therefore, the reasoning, as set forth in Ewing, controls the question presented here, and we must find that the trial court improperly revoked Hoffa's probation prior to a conviction for the subsequent criminal offense.
The State argues alternatively that the trial court's decision should be affirmed in any case, because the evidence presented at the revocation hearing showed that Hoffa had violated another condition of his probation.
An additional provision placed upon Hoffa's probation was that he "... not use narcotics in any form unless prescribed by a doctor". The evidence introduced at the revocation hearing strongly indicates that Hoffa, at least, had constructive possession of marijuana subsequent to his being placed on probation. However, the trial court did not base its revocation order upon a violation of this condition. Therefore, we are unable to determine if Hoffa violated this condition because such a determination is solely within the province of the trier of fact. If the trial court had determined that Hoffa had violated this condition as well as the condition of "not being arrested", a different case would be presented. See: Ewing v. State, supra. Absent such a determination, the State's alternative argument is without merit.
Accordingly, the order of the trial court revoking Hoffa's probation must be reversed because it was entered prior to a conviction for the subsequent criminal activity for which he was arrested.
The judgment of the trial court is hereby reversed, and this case is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
LOWDERMILK and LYBROOK, JJ., concur.
NOTES
[1] In Ewing v. State, supra, the trial court, also, found that Ewing had violated another condition of his probation, to wit: "... you may not use drugs unless prescribed by a physician." 310 N.E.2d at 578-579. The decision of the trial court, revoking probation for a violation of this condition, was ultimately affirmed by this court.
[2] State ex rel. Gash v. Morgan County Superior Court (1972), 258 Ind. 485, 283 N.E.2d 349.