Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Jul 31 2012, 8:51 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEPHEN P. MURPHY, JR.**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KELLY ALLEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 42A01-1112-CR-601 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause No. 42D01-0805-FD-031

**July 31, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Kelly Allen (Allen), appeals the trial court's revocation of her probation.

We affirm.

## ISSUE

Allen raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion when it revoked her probation.

## FACTS AND PROCEDURAL HISTORY

On May 12, 2008, the State filed an Information charging Allen with Count I, neglect of a dependent, a Class D felony, Ind. Code § 35-46-1-4(a)(1); Count II, battery, a Class A misdemeanor, I.C. § 35-42-2-1(a)(1)(B); and Count III, public intoxication, a Class B misdemeanor, I.C. § 7.5-5-1-3. On November 5, 2010, Allen entered into a plea agreement, pursuant to which she pled guilty to Counts I and II in exchange for the State's dismissal of Count III. Under the terms of the plea agreement, the State agreed to recommend to the trial court that Allen receive a sentence of two years for Count I, with six months served executed on electronic home monitoring and the remaining 18 months suspended, and one year for Count II, suspended to one year of supervised probation. On December 13, 2010, the trial court accepted the plea agreement and sentenced Allen according to the State's recommendations, with the sentences for Counts I and II to run concurrently.

2

On August 26, 2011, the State filed a notice that Allen had violated her probation on two occasions. Specifically, on July 6, 2011, Allen was charged with resisting law enforcement, a Class D felony, and disorderly conduct, a Class B misdemeanor. Likewise, on July 26, Allen violated her probation when the State charged her with neglect of a dependent, a Class D felony, and possession of paraphernalia, a Class A misdemeanor. On October 26, 2011, the trial court held a probation violation hearing, at which Allen admitted to the violations of probation, although not to the crimes that she had been charged with. The filed charges alone constituted violations of her probation, so the trial court accepted Allen's admission that she had violated her probation.

On November 7, 2011, the trial court held a dispositional hearing. Allen's probation officer, James A. Brewer (Brewer), testified that Allen's July 6 charges resulted from Allen running along the Lloyd Expressway in Evansville, Indiana, a heavily travelled expressway, with her two children. According to Brewer, at one point Allen "tossed her two children, ages five and six, over a fence toward [the expressway]." (Transcript p. 25). There was some indication that Allen was intoxicated at the time. Brewer also testified that Allen's July 26 charges resulted from a domestic disturbance at a local motel in Vanderburgh County. Police Officers responded to a report of a disturbance and found Allen in the motel lobby with a hatchet in her possession, along with her children. The officers found a bloody syringe on the nightstand in Allen's motel room and alleged that she was intoxicated and had been inhaling bath salts.

3

At the close of the evidence, the trial court revoked the balance of Allen's 18-month suspended sentence and ordered that she serve the remaining time at the Department of Correction.

Allen now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

In a probation revocation hearing, the State must prove a violation of probation by a preponderance of the evidence. I.C. § 35-38-2-3. On appeal, we review the trial court's revocation of a defendant's probation under an "abuse of discretion" standard. *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). A trial court has abused its discretion when its decision is clearly against the logic and effect of the facts and circumstances. *Id.* at 188. In determining whether the trial court has abused its discretion, this court does not reweigh the evidence, and we consider conflicting evidence in the light most favorable to the trial court's ruling. *Mogg v. State*, 918 N.E.2d 750, 755 (Ind. Ct. App. 2009).

Prior to revoking Allen's probation, the trial court stated that:

[N]ow, we're talking about dealing with an incident in Evansville where DCS Vanderburgh is involved with this lady. Yet, her criminal troubles are in Knox [County] because she was on probation here. I appreciate that . . . the issue has never been whether [Allen] loves her children or not. Okay, that's not the issue. The issue is, is [Allen] able to provide for her children? Does she do the things that 99% of other mother[s] do to make sure her children are safe and protected? That's always been the concern, unfortunately. How very distressing to see that so shortly after [Allen] got a very good deal in December of 2010, and completed her electronic monitoring part of her program, she's in trouble again. I'm not sure that's a record for backsliding, but it certainly is a dramatic departure from the way things were when I last saw her back in December of 2010. While I'm

4

sympathetic to her and I fear that incarceration could conceivably cause DCS Vanderburgh to move in the vicinity of termination of her parental rights, the order was pretty clear about what she needed to do to stay out of difficulty. And, while I'm sympathetic to her as a mother, I'm also sympathetic to the State in seeking its revocation.

(Tr. pp. 42-43). Based on this statement, Allen now argues that the trial court considered improper factors prior to revoking her termination: (1) her failure as a mother to protect her children the way "99% of mothers do;" (2) the trial court's belief that Allen "got a very good deal in December of 2010;" and (3) the sympathy the trial court felt towards Allen as a mother and towards the State for requesting revocation, which Allen claims the trial court inappropriately balanced. (Tr. p. 43).

Allen admits in her brief that "perhaps this argument places more emphasis on the technical meaning of words than it does the overall picture," and we agree. (Appellant's Br. p. 7). In the past, this court has characterized probation as "a matter of grace and a conditional liberty, which is a favor, not a right." *Johnson v. State*, 659 N.E.2d 194, 198 (Ind. Ct. App. 1995). As such, a violation of *any* condition of probation is sufficient to sustain a probation revocation. *Woods v. State,* 892 N.E.2d 637, 639-40 (Ind. 2008) (emphasis added). Here, Allen concedes that she violated her probation. Allen also ignores the trial court's statement that "[w]hile I'm sympathetic to her and I fear that incarceration could conceivably cause DCS Vanderburgh to move in the vicinity of termination of her parental rights, *the order was pretty clear about what she need to do to stay out of difficulty*." (Tr. p. 43) (emphasis added). From this statement, it is clear that the trial court's primary concern was that she had violated its order. Because—as the

trial court recognized—Allen violated her probation, and because the trial court has discretion to revoke a probation upon any violation, we need not address Allen's arguments any further. Nevertheless, we will briefly address Allen's claims.

With respect to her assertion that the trial court inappropriately considered her capability as a mother, we note that the trial court's comments must be considered within the context that both the underlying offense for Allen's probation and one of her charges constituting a violation of her probation were neglect of a dependent. Within this context, any mention of her CHINS proceedings or her ability to parent her children was reasonable.

With respect to Allen's claim that the trial court's comment that she "got a very good deal" was an attack upon her original sentence, we find that it is clear that the trial court was merely recognizing that Allen had been given an opportunity for reformation but had not taken advantage of it, which the supreme court declared as a reasonable basis for revocation of probation in *Sutton v. State,* 244 Ind. 368 (Ind. 1963).

Finally, Allen asserts, without any citation to legal authority, that the trial court inappropriately balanced the sympathy it felt towards Allen as a mother and the sympathy it felt towards the State for requesting revocation. We conclude that, as she stated in her brief, Allen is placing "more emphasis on the technical meaning of words" than "the overall picture." (Appellant's Br. P. 7). We interpret the trial court as merely intending that while it recognized that Allen might lose her children in a termination hearing because of a probation revocation—and thus felt sympathy towards her as a mother—it

6

also recognized that she had violated her probation—and thus understood the State's stance. Under this interpretation, the trial court was not "weighing sympathies." Regardless, Allen has not provided any legal authority for the proposition that it is inappropriate for the trial court to weigh the effects of its decisions.

In sum, we find that the trial court's statements were appropriate and that, ultimately, it based its decision to revoke Allen's probation on her violation of probation. As any violation of probation is sufficient to support a revocation, we conclude that the trial court did not abuse its discretion when it revoked her probation.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when it revoked Allen's probation.

Affirmed.

NAJAM, J. and DARDEN, S. J. concur