Walter SHAFFER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 41A04–0105–CR–215.

Court of Appeals of Indiana.

Oct. 4, 2001.

Daniel S. Vandivier, Franklin, Indiana, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Martha Warren–Rosenfeld, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Walter Shaffer ("Shaffer") entered into a plea agreement with the State whereby Shaffer pled guilty to aiding in forgery, a Class C felony, in exchange for dismissal of several counts against him and a cap of three years on the amount of executed time he would have to serve. The trial court accepted the plea agreement and sentenced Shaffer to six years, with two years executed, and four years suspended, the first two of those years on inactive probation on work release, and then active probation for the last two years.

Shaffer appeals claiming that the sentence imposed by the trial court violated the terms of the plea agreement by providing for more than three years of executed time. More specifically, Shaffer argues that the portion of the sentence regarding work release time, even when sentenced as a condition of probation, is the same as executed time. Therefore, Shaffer concludes, he has been sentenced to four years of executed time in contravention of the plea agreement.

Sentencing decisions are within the trial court's discretion. *Gibson v. State,* 702 N.E.2d 707, 710 (Ind.1998). We review trial court sentencing decisions only for abuse of discretion, including decisions to increase the presumptive sentence or to run sentences consecutively due to aggravating circumstances. *See Price v. State,* 725 N.E.2d 82, 85 (Ind.2000).

A plea agreement is a contractual agreement between the defendant and the state. *Crump v. State,* 740 N.E.2d 564, 573 (Ind.Ct.App.2000). A trial court has the discretion to accept or reject a plea agreement entered into by the parties and once the trial court decides to accept the agreement, all parties are bound by its terms. *Id.*

The trial court's sentencing statement was as follows:

While it is definitely true that incarceration would be a hardship on your dependant's [sic], you do have a significant criminal history and you knew that wasn't your check to cash. Based on that and the sentencing evidence that I heard, I found it appropriate for your sentence to be six years, executed for seven hundred thirty days and suspended for the remainder. Um [sic] with seven hundred and thirty days on probation on work release after the incarcerated time with conditions of probation.

(App.18).

Ind.Code § 35–38–2.6–3 provides in relevant part as follows:

(a) The court may, at the time of sentencing, suspend the sentence and order a person to be placed in a *community corrections program as an alternative to commitment to the department of correction.* The court may impose reasonable terms on the placement. (Emphasis added).

In addition, Ind.Code § 35–38–2.6–4 provides as follows:

If the court places a person in a community corrections program under this chapter, the court *shall suspend the sentence* for a fixed period to end not later than the date the suspended sentence expires. (Emphasis added).

Therefore, we can conclude from the plain language of the statute, that if the trial court is required to suspend the sentence in order for a person to be placed in a community corrections program, then that part of the suspended sentence served in

the work release program is not executed time.[1]

■ Additionally, Ind.Code § 35-38-2.6-5 provides that if a person placed in a work release program violates a term of that placement, the trial court may, after a hearing on that violation, change the terms of the placement, continue the placement, or "revoke the placement and *commit the person to the department of correction* for the remainder of the person's sentence." Ind.Code § 35-38-2.6-5. (Emphasis added). Based upon the language contained in the statute, we hold that a person is serving the executed portion of his sentence when he is committed to the Department of Correction. We further hold that the portion of a defendant's sentence involving placement on work release does not constitute a part of the executed sentence.

Applying these holdings to the facts in the present case, we conclude that the trial court did not violate the terms of the plea agreement, more specifically the cap on the executed portion of the sentence. Shaffer was ordered to serve two years of time executed, with the remainder of the sentence suspended. Two of those remaining years are to be served on work release, which is not executed time. Therefore, the trial court did not contravene the three year cap on executed time

pursuant to Shaffer's plea agreement with the state.

Affirmed.

BROOK, J., concurs.

VAIDIK, J., concurring in result with separate opinion.

VAIDIK, Judge, concurring in result

I concur in the result of the majority's opinion in so far as it holds that placement in a community corrections program as a condition of probation should not qualify as executed time. However, I respectfully disagree with the majority's more general conclusion that all placements in community corrections programs would not qualify as executed time.

The majority relies on its interpretation of the plain language of the phrase "suspend the sentence" found in Indiana Code §§ 35-38-2.6-3, 35-38-2.6-4 to conclude that the period spent in a community corrections program is not executed time. However, in the muddied waters of alternative sentencing programs, interpreting the plain language of a statute is often easier said than done. The majority concludes that the use of the word "suspend" in the statute means that placement in the community corrections program is not executed time. I do not believe that the use of the word "suspend" in this statute automatically makes all placements in work

---

1. We do acknowledge, as another panel of this court did in *Gardner v. State,* 678 N.E.2d 398, 400 n. 3 (Ind.Ct.App.1997), that unlike "traditional" probation, a person placed in a work release program may earn credit time under I.C. 35-50-6, much like an executed sentence. Furthermore, that credit time would be "good time credit." *See Purcell v. State,* 721 N.E.2d 220, 223 (Ind.1999). However, as stated in *Gardner,* "[i]f [probation is merely the condition resulting from a suspended sentence], and placement into a community corrections program inherently involves the suspension of the defendant's

sentence, then Gardner's sentence was suspended the day of sentencing." *See Gardner,* 678 N.E.2d at 400. In addition, our supreme court stated in *Purcell* that "[w]e believe the legislature's reference to a 'suspended sentence' in this context [community corrections placements] means that any requirement that the offender actually serve time incarcerated through the Department of Correction (commonly referred to as 'executed time') is suspended during the community corrections placement period." *Purcell,* 721 N.E.2d at 223.

release programs fall under the classification of a suspended-sentence punishment instead of an executed-sentence punishment.

As we stated in *Gardner v. State*, 678 N.E.2d 398, 401 (Ind.Ct.App.1997):

The bright line between suspended-sentence punishments · and executed-sentence punishments has been blurred by the implementation of the new alternative programs. Therefore, it may no longer be appropriate to make broad-sweeping assertions of punishments in either category. With the community corrections programs, for example, we have a hybrid punishment involving a suspended sentence which may be revoked, yet requires the defendant receive credit for time served.

678 N.E.2d at 401. While we declined in *Gardner* to resolve where in the spectrum between suspended and executed time, a placement in a community corrections program falls, we asked the legislature to "clarify the exact nature of these 'alternative' forms of sentencing." *Id.* Because this clarification has not yet arrived from the legislature, we have been left to interpret the nature of the community corrections placement from the existing statutes. By relying on the surrounding statutes relating to probation and suspended sentences, I conclude that placement in a community corrections program as condition of probation should be considered suspended time; however, direct placement in a community corrections program must be considered executed time.

A suspended sentence is defined as a "sentence that is formally given, but not actually served. A suspended sentence in criminal law means in effect that the defendant is not required at the time sentence is imposed to serve the sentence." BLACK'S LAW DICTIONARY 1446 (6th ed.1990). Indiana Code § 35–50–2–2 governs when a trial court can suspend a sentence for a felony.[2] There is a mandatory requirement that when a felony sentence is suspended, the trial court place the felon on probation.[3] Ind.Code § 35–50–2–2(c). "[W]henever the court suspends a sentence for a felony, it shall place the person on probation under IC 35–38–2 for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire." *Id.* When a person violates a condition of probation, the trial court may "order execution of the sentence that was suspended at the time of the initial sentencing." Ind. Code § 35–38–2–3(h)(2). No matter how long a person has been on probation, that person can be required to serve the full sentence if probation has been revoked. *Id.*

As a condition of probation, a trial court "may require that the person serve a term of imprisonment in an appropriate facility at the time or intervals (consecutive or intermittent) within the period of probation the court determines." Ind.Code § 35–38–2–2.3(c). We have concluded from this language that a trial court may suspend a sentence, place a defendant on probation, and then order a term of imprisonment as a condition of probation. *Sutton v. State*, 562 N.E.2d 1310, 1313 (Ind.Ct.App.1990), *trans. denied, cert. denied,* 502 U.S. 987, 112 S.Ct. 598, 116 L.Ed.2d 621 (1991) (interpreting identical language in former Indiana Code § 35–38–2–2(c)). "Imprisonment in an appropriate facility" as a term of probation has

---

**2.** Indiana Code § 35–50–3–1 covers suspended sentences for misdemeanor crimes.

**3.** After suspending a sentence for a misdemeanor crime, the trial court has discretion in placing a person on probation. I.C. § 35–50–3–1(b).

included imprisonment in hospitals and maximum security prisons, so it stands to reason that placement in a community corrections program would also qualify as a term of probation. *See Sutton,* 562 N.E.2d at 1311–12; *McVey v. State,* 438 N.E.2d 770 (Ind.Ct.App.1982).

In contrast to the law governing placement in community corrections programs as a term of probation, Indiana Code ch. § 35–38–2.6 governs direct placement in community corrections programs. According to the statute, the "chapter applies to the sentencing of a person convicted of a felony whenever any part of the sentence may not be suspended under IC 35–50–2–2 or IC 35–50–2–2.1." Ind.Code § 35–38–2.6–1. While direct placement in a community corrections program is an alternative to commitment to the department of corrections, it is not the absence of imprisonment. *See* Ind.Code § 35–38–2.6–3. A person "who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35–50–6 . . . ." Ind.Code § 35–38–2.6–6. Additionally, when a defendant violates the terms of his direct placement, the trial court may "revoke the placement and commit the person to the department of correction for the *remainder of the person's sentence.*" Ind.Code § 35–38–2.6–5(3) (emphasis added). While time spent on probation is not subtracted from the sentence as a whole, time spent in community corrections is deducted from the time to be served in the department of corrections if the direct placement in a community corrections program is revoked. *Id.*

Direct placement in community corrections and probation are both alternatives to commitment to the department of correction; however, the two schemes are not coextensive. Direct placement in community corrections occurs when the sentence may not be suspended. I.C. § 35–38–2.6–

1. When a trial court suspends a sentence, it must place the person on probation. I.C. § 35–50–2–2(c). Similarly, when a person completes his placement in a community corrections program, the trial court must place him on probation. Ind. Code § 35–38–2.6–7. Probation is merely the condition resulting from a suspended sentence. *State ex rel. Wilson v. Lowdermilk,* 245 Ind. 93, 99, 195 N.E.2d 476, 479 (1964). It follows that direct placement in a community corrections program is not a condition resulting from a suspended sentence.

Under Indiana Code ch. 35–38–2.6, the trial court can determine if an individual will serve his sentence in the department of corrections or in a community corrections program. The phrase "suspend the sentence" as it is used in Indiana Code § 35–38–2.6–3 does not refer to a decision concerning "whether" the sentence will be served, but rather "where" the sentence will be served. The time served in both the department of corrections and in direct placement in community corrections program is deducted from the total sentence, and a person may receive credit time in both systems. "An executed sentence in a criminal case is understood to require the incarceration of a defendant, with the possibility of his receiving one day of credit time for each day of imprisonment under Ind.Code § 35–50–6–3(a)." *Page v. State,* 706 N.E.2d 230, 236 (Ind.Ct.App.1999), *trans. denied* (Brook, J., dissenting). Therefore, I conclude that direct placement in a community corrections program does qualify as executed time.

While it is inequitable to individuals agreeing to plead guilty in exchange for a set period of confinement that a placement in community corrections can be considered both executed time and suspended time depending on whether the trial court couches the placement with the term "as a

condition of probation," this is the interpretation that I must draw from the current statutory scheme.[4] Any modifications to the probation system to address this inequity must be made by the legislature, not the judiciary. Under the current statutory scheme, a placement in a maximum security prison can fall under the category of suspended time if it is labeled as a "condition of probation." I.C. § 35–38–2–2.3(c). Therefore, I conclude that placement in community corrections programs if it is a condition of probation must also be considered suspended time. However, I find that direct placement in community corrections is a different beast than probation and should be treated accordingly. Like time served in the department of corrections, time served in direct placement in community corrections is deducted from the total sentence. I conclude that direct placement in community correction programs is executed time.

Shaffer was placed in a work release program as a condition of his probation. Therefore, the portion of Shaffer's sentence involving placement on work release is suspended time because it was a condition of probation. Thus, I concur in the result of the opinion, but I dissent from the more general claim that all placements in community corrections programs do not qualify as executed time.

---

4. In order to avoid the possibility of an individual receiving a longer term of imprisonment than originally bargained for in the plea agreement, I strongly urge the defendant and the State to carefully draft the terms contained in the agreement to adequately reflect the true intentions of both parties. The failure to specifically establish the plea agreement terms may allow the trial court to have more discretion in establishing the conditions of probation than either party intended. If a plea agreement specifically provides that the trial court has discretion to establish the conditions of probation, then the court is within the express terms of the plea agreement in imposing some, all, or none of the lawful conditions of probation including requiring a person serve a term of imprisonment in the appropriate facility. *Freije v. State*, 709

N.E.2d 323, 325 (Ind.1999). However, in the absence of this plea term the trial court's discretion in imposing conditions of a punitive nature such as placement in a community corrections program is limited. *Id.*

In this case, the applicable plea agreement term read that: "Any probation imposed by the Court carries with it certain terms and conditions which have [sic] fully explained to and understood by me." Appellant's App. P. 11. While it is extremely doubtful that Shaffer realized that by agreeing to the plea agreement he faced the possibility of further imprisonment as a condition of probation, the trial court had discretion to impose imprisonment in the appropriate facility as a condition of probation under the terms of this plea agreement.