**Brian S. CHRISTIE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 33A01–1006–CR–306.**

Court of Appeals of Indiana.

Jan. 10, 2011.

John T. Wilson, Anderson, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Gary R. Rom, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issues

Brian Christie appeals the trial court's order revoking his community corrections placement and ordering him to serve the entirety of his remaining sentence at the Department of Correction ("DOC"). For our review, Christie raises two issues: 1) whether the trial court properly took judicial notice of a new conviction entered in a different Indiana court, and therefore had sufficient evidence Christie violated his conditions of community corrections placement; and 2) whether the trial court properly ordered Christie to serve his entire remaining sentence at the DOC. Concluding the trial court's judicial notice and its dispositional order were proper, we affirm.

### Facts and Procedural History

In 2008, Christie pleaded guilty in Henry Superior Court to possession of a controlled substance and possession of marijuana, both Class D felonies, and admitted

to being an habitual substance offender. The trial court imposed a six-year, suspended sentence and committed Christie to Henry County Community Corrections to serve his sentence on home detention. The trial court also imposed eighteen months of probation to begin upon Christie's release from home detention. Among the conditions of Christie's direct placement in community corrections was that he "not ... commit another crime during the period of home detention ordered by the Court." Appellant Appendix at 31. Christie was also informed that failure to abide by this condition could lead to his placement being revoked. *Id.* at 32.

In December 2009, the State filed a Verified Petition to Revoke Suspended Sentence, alleging Christie was convicted of criminal mischief in November 2009. The trial court held a revocation hearing on January 29, 2010. At the State's request, the trial court took judicial notice of Christie's criminal mischief conviction following a bench trial in Knightstown, Indiana Town Court. Specifically, the trial court took judicial notice of certified copies of a charging information, police report, and chronological case summary showing Christie's conviction, all as contained in the Record of Proceedings of Knightstown Town Court. Following the revocation hearing, the trial court issued an order finding Christie "violated the terms and conditions of the sentence previously imposed." *Id.* at 86. Thereafter, following a separate dispositional hearing, the trial court issued its order revoking Christie's community corrections placement and requiring him to serve the entirety of his remaining sentence at the DOC. Christie now appeals.

*Discussion and Decision*

**I. Judicial Notice of New Conviction**

■ Christie argues the trial court erred by taking "judicial notice, not of its own records, but of the records of another court in an unrelated matter." Brief of Appellant at 11. In support, Christie cites case law concerning the propriety of judicial notice of court records. Both Christie and the State overlook Indiana Rule of Evidence 201,[1] which provides in relevant part:

(b) Kinds of Laws. A court may take judicial notice of law. Law includes ...

(5) records of a court of this state....

(c) When Discretionary. A court may take judicial notice, whether requested or not.

(d) When Mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.

. . . .

(f) Time of Taking Notice. Judicial notice may be taken at any stage of the proceeding.

Thus, even in a proceeding governed by the Evidence Rules, a trial court may take judicial notice of records of another Indiana court, and may do so at any stage of the proceeding. Probation revocation hearings, to which the Evidence Rules do not apply, Evid. R. 101(c)(2), allow even more flexibility in the admission of evidence, and the same more flexible standard applies in community corrections revocation hearings. *Cox v. State*, 706 N.E.2d 547, 551 (Ind.1999) ("[W]e hold that in probation and community corrections placement revocation hearings, judges may consider any relevant evidence bearing some substantial indicia of reliability.").

---

1. We are concerned that neither party, particularly the State, cited Rule 201(b)(5) in its appellate brief, as the pertinent amendment went into effect on January 1, 2010—over one year ago.

Therefore, the trial court was permitted to take judicial notice of court records showing Christie's new conviction in Knightstown Town Court. Further, because judicial notice of these records was proper, Christie's counsel was not ineffective for failing to object to the same.

Indiana Code section 35–38–2.6–5 provides that if a person placed directly in community corrections violates the terms of the placement, the trial court may, after a hearing, revoke the placement and commit the person to the DOC for the remainder of the sentence. The court records of Christie's criminal mischief conviction were sufficient evidence he violated the terms of his placement by committing a new crime. Therefore, the trial court had sufficient evidence to revoke Christie's community corrections placement and order him to serve his remaining sentence at the DOC.

## II.　Sentence

▮　Nonetheless, Christie argues the trial court erred by requiring him to serve his entire remaining sentence at the DOC. Specifically, Christie "claims his due process rights were violated because the State had not filed an [sic] Christie was not given Notice of a Petition to Revoke his Community Corrections and the only issue before the Court on [the revocation and dispositional] hearings was a petition to revoke his suspended sentence." Br. of Appellant at 13. Christie further claims, "[w]ithout any required notice that Christie had allegedly violated terms of his community corrections ... the trial court's order must be read as revoking only his probation privileges and ordering that one and a half years he was to serve on probation must now be served in the DOC." Id. at 17.

We disagree with Christie's premise that the State's "Fourth Amended Verified Petition to Revoke Suspended Sentence," filed December 18, 2009, was somehow deficient in providing notice of the State's allegation Christie violated his community corrections placement and should have it revoked. Pursuant to statute, a defendant may be placed directly with community corrections only if his or her commitment to the DOC is ordered suspended. See Ind.Code §. 35–38–2.6–3 ("The [trial] court may, at the time of sentencing, suspend the sentence and order a person to be placed in a community corrections program as an alternative to commitment to the [DOC]."); Ind.Code § 35–38–2.6–4 ("If the [trial] court places a person in a community corrections program ... the court shall suspend the sentence...."). Thus, revocation of Christie's suspended sentence necessarily entailed revocation of his community corrections placement, and the State's explicit notice of the former implied notice of the latter. In written argument submitted before the trial court issued its disposition, Christie argued he should not receive "a punishment of up to six years imprisonment" based on a conviction entered in a limited-jurisdiction town court. Appellant App. at 82. This argument shows Christie knew what was at stake in the revocation proceeding: the revocation of his community corrections placement meaning he would have to serve the remainder of his six-year sentence at the DOC. Thus, Christie was afforded sufficient notice of the State's allegation seeking revocation of his community corrections placement, and the trial court acted within its discretion in ordering him to serve his entire remaining sentence at the DOC. See Ind.Code § 35–38–2.6–5.

### Conclusion

The trial court properly took judicial notice of Christie's new conviction, and therefore had sufficient evidence Christie violated his conditions of community corrections placement. Further, the trial

court acted within its discretion in ordering Christie to serve his entire remaining sentence at the DOC.

Affirmed.

RILEY, J., and BROWN, J., concur.