**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PAULA M. SAUER**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY A. SMYSER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1112-CR-586 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Mark A. Smith, Judge
Cause No. 32D04-1011-FD-196

**August 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Gregory Smyser appeals the trial court's order imposing the balance of his previously-suspended sentence upon the revocation of his probation. We affirm.

ISSUE

We consolidate and restate Smyser's issues as whether the trial court erred by ordering him to serve the time suspended to work release in addition to the time suspended to probation at the Indiana Department of Correction.

FACTS AND PROCEDURAL HISTORY

In 2010, the State charged Smyser with seven counts of Class D felony receiving stolen property. On September 27, 2011, pursuant to a plea agreement, Smyser pleaded guilty to one of the D felonies, and in exchange, the State dismissed the remaining counts. The plea agreement provided that Smyser would be sentenced to 1095 days in the DOC and given two days' credit, with 363 days served on work release and 730 days suspended to probation. The agreement further provided that upon any violation of probation, Smyser "shall execute entire suspended sentence at IDOC (No alternative placement)." Appellant's App. p. 36. At a hearing that day, the trial court accepted the plea agreement and sentenced Smyser accordingly. The court ordered probation to begin the same day and reiterated that Smyser would be ordered to serve the balance of his suspended sentence if he violated the conditions of probation or work release:

> COURT: . . . You are placed on seven hundred and thirty (730) days beginning today that means you['re] serving your sentence at work release as a condition of your probation. If you violate probation or if you violate the conditions of work release that would be considered a probation violation for which you

2

could go to, well pursuant to your agreement if I find a violation you're going to serve. . [.]

STATE: Ten ninety five (1095)[.]

COURT: I thought I saw that in there didn't I?

STATE: Uh-huh (affirmative answer).

COURT: That he's going to serve the balance if he violates?

STATE: Yes.

COURT: Yeah, do you understand that?

DEFENDANT: Yes sir I do.

Tr. p. 31. Smyser was ordered to report to the work release facility on October 3, 2011.

Upon reporting to work release, Smyser underwent a drug screen, which tested positive for opiates. He was later found to have a prescription bottle of Zyprexa in his locker. The bottle indicated the prescription was from 2008 for seven Zyprexa pills, but there were nine pills inside.

On October 19, 2011, the probation department filed a Petition and Notice of Probation Violation, which stated:

You are hereby formally notified as follows:

That you were placed on probation for 730 days in Hendricks Superior Court Number 4 on September 27, 2011, after having been found guilty of Rec[ei]ving Stolen Property, Class D Felony. That a sentence of 730 days was suspended upon the condition that you obey certain specific conditions of probation. That you have violated those conditions of probation as follows:

1. You possessed and consumed a drug without the prescription of a licensed physician, to wit: Codeine and Morphine.

2. You possessed and consumed a drug without the prescription of a licensed physician, to wit: Zyprexa.

3

Appellant's App. p. 44. The notice continued, "The Probation Department recommends to the Court that the Defendant's probation be revoked [and] all or any portion of the suspended sentence be imposed . . . ." *Id.*

At a hearing on November 22, 2011, Smyser admitted that he possessed or consumed an illegal drug without a prescription. After the court heard testimony from the director of the work release program, Smyser's wife, and Smyser's probation officer, Smyser requested that he be returned to the work release program or placed in the drug court program. The State asked for 1095 days. The trial court revoked Smyser's probation and ordered him to serve the balance of his previously-suspended sentence—the 363 days on work release and the 730 days on probation—at the DOC. Smyser now appeals.

DISCUSSION AND DECISION

Smyser does not challenge the revocation of his probation. Instead, he contends that the trial court erred by ordering him to serve the time suspended to work release in addition to the time suspended to probation at the DOC.

First, Smyser claims that he was denied due process because he did not receive separate notice that he had violated his work release. A similar argument was raised in *Christie v. State*, 939 N.E.2d 691 (Ind. Ct. App. 2011). There, the defendant was sentenced to six years in community corrections on home detention followed by eighteen months of probation. The State later filed a Verified Petition to Revoke Suspended Sentence, alleging that the defendant had been convicted of criminal mischief. After a revocation hearing, the trial court found that the defendant had violated the terms and

4

conditions of his sentence. The court revoked his community corrections placement and ordered him to serve his entire remaining sentence at the DOC.

On appeal, the defendant argued that his due process rights were violated. He claimed that because the State failed to give him notice of a petition to revoke his community corrections placement, the trial court should have only revoked his eighteen months of probation and ordered them served at the DOC. This Court disagreed, noting that pursuant to statute, a trial court must suspend a sentence to place a defendant in a community corrections program. *Id.* at 694 (citing Ind. Code § 35-38-2.6-3(a) (2006) ("The court may, at the time of sentencing, suspend the sentence and order a person to be placed in a community corrections program as an alternative to commitment to the department of correction."); Ind. Code § 35-38-2.6-4 (1991) ("If the court places a person in a community corrections program . . ., the court shall suspend the sentence . . . .")). Because revocation of the defendant's suspended sentence necessarily entailed revocation of his community corrections placement, we concluded that the State's petition to revoke his suspended sentence sufficiently notified him that the State sought to revoke his community corrections placement. *Id.*

Here, as in *Christie*, Smyser did not receive notice explicitly informing him that he faced a possible revocation of his community corrections placement in work release. However, the probation department's Petition and Notice of Probation Violation was sufficient to apprise him of the fact.

Smyser nonetheless argues that the trial court suspended only 730 days of his sentence. We disagree. In line with *Christie* and Indiana Code sections 35-38-2.6-3 and -4, the trial court also suspended the 363 days it ordered Smyser to serve in work release.

Smyser also argues that the Petition and Notice of Probation Violation informed him that 730 days were suspended and did not mention the other 363 days. This may be so; however, the lack of reference to the 363 days on work release does not negate the fact that it also informed him that "all or any portion of the suspended sentence" could be imposed. Appellant's App. p. 44. Moreover, not only did the plea agreement clearly state that the entire suspended sentence would be ordered served at the DOC upon a probation violation, but the trial court at the plea hearing also informed Smyser of the fact, at which point Smyser acknowledged that he understood.

Further, we note that the testimony Smyser elicited from the director of the work release program, Smyser's wife, and Smyser's probation officer was targeted at persuading the trial court to continue Smyser on work release or place him in the drug court program. This shows that Smyser knew that revocation of his work release was at stake in the proceeding. *See Christie*, 939 N.E.2d at 694 (defendant's argument to trial court that he should not be imprisoned for the period of time that had been suspended to community corrections showed that defendant knew his community corrections placement was at stake).

We therefore conclude that the Petition and Notice of Probation Violation was sufficient notice that Smyser faced a possible revocation of his work release. There is no due process violation.

Second, Smyser claims that the trial court erred by ordering him to serve the time suspended to work release at the DOC because there was insufficient evidence to show that he used or possessed an illegal drug while on work release. Specifically, he claims that he used heroin after sentencing but before he reported to work release.

Under the terms of the plea agreement, however, upon any violation of probation, the trial court was required to order him to serve his entire suspended sentence at the DOC. Additionally, the trial court reiterated this fact when it accepted the plea agreement and sentenced him. A trial court's sentencing decision for a probation violation is reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Once a court accepts a plea agreement, however, it possesses only that degree of sentencing discretion provided in the agreement. *St. Clair v. State*, 901 N.E.2d 490, 493 (Ind. 2009); *see* Ind. Code § 35-35-3-3(e) (1987) ("If the court accepts a plea agreement, it shall be bound by its terms."). Therefore, the court would have abused its discretion had it not ordered Smyser to serve his entire suspended sentence at the DOC.

We conclude that the trial court did not err by imposing the balance of Smyser's previously-suspended sentence upon the revocation of his probation.

## CONCLUSION

For the reasons stated, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.

7