Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**DONALD S. EDWARDS**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT A. CARMER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A04-1208-CR-427 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1203-FB-1187

**February 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Pursuant to a plea agreement with Appellee-Plaintiff the State of Indiana, Appellant-Defendant Robert Carmer pled guilty to Class B felony dealing in methamphetamine and agreed to pay "full restitution" in exchange for the State's dismissal of two additional felony charges, and a maximum executed sentence of ten years. The trial court accepted the agreement and sentenced Carmer to eighteen years with ten years executed and eight years suspended to probation, including three years with community corrections. The court also ordered that Carmer pay $15,812.54 in restitution. Carmer appeals his sentence, arguing that the trial court exceeded the ten-year maximum executed sentence provided for in his plea agreement by sentencing him to both ten years executed and three years with community corrections. Carmer also argues that the trial court abused its discretion in ordering him to pay restitution as a condition of probation without first inquiring into his ability to pay. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 2, 2012, the State charged Carmer with Class B felony dealing in methamphetamine, Class D felony possession of chemical reagents or precursors with intent to manufacture a controlled substance, and Class D felony receiving stolen auto parts. Pursuant to a plea agreement with the State, Carmer pled guilty to the dealing charge and agreed to pay "full restitution" in exchange for the State's dismissal of the remaining two charges, and a maximum executed sentence of ten years. Appellant's App. p. 19.

The trial court accepted Carmer's plea agreement and sentenced him to eighteen years with ten years executed and the remaining eight suspended to probation. As

"[s]pecial terms of probation," the court ordered the following:

>C.    The defendant shall pay restitution totaling Fifteen Thousand Eight Hundred Twelve Dollars and Fifty Four Cents ($15,812.54) as follows: Jeff Roach – Five Hundred Dollars ($500.00) (paid from cash bond posted); Indiana State Police – One Thousand Two Hundred Thirty Seven Dollars and Fifty Four Cents ($1,237.54) (paid from cash bond posted)[;] and Hastings Mutual Insurance Company – [(]$14, 075.00).  Said restitution to Hastings Mutual Insurance Company shall be paid at the rate of Twenty Dollars ($20.00) per week until paid in full.  The first payment is due 60 days after release.
>….
>
>F.    The defendant shall be placed with Community Corrections for a period of three (3) years for purposes of assessment and determination of appropriate programming.  The defendant is required to comply with the specific programs recommended by Community Corrections, which may include work release/residential placement, day reporting, electronic monitoring, counseling or education programs.

Appellant's App. p. 25.

At his sentencing hearing, Carmer acknowledged that his plea agreement required him to pay "full restitution."  Tr. p. 3.  Carmer also stated that he did not "have … any objection to the [restitution] numbers," Tr. p. 17, and he affirmed that $15,812.54 was the correct amount owed.

## DISCUSSION AND DECISION

"[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion."  *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007).  "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."  *Id.*

### I. Maximum Executed Sentence

Carmer argues that the trial court abused its discretion in sentencing him to ten years executed while also placing him with community corrections for three years of his probationary term. Carmer contends that this amounts to a thirteen-year executed sentence, in violation of the ten-year maximum provided for in his plea agreement. We disagree.

Indiana Code section 35-38-2.6-3(a) allows the court, "at the time of sentencing, [to] suspend the sentence and order a person to be placed in a community corrections program *as an alternative to commitment to the department of correction.*" (emphasis added). Likewise, section 35-38-2.6-4 provides, "If the court places a person in a community corrections program … *the court shall suspend the sentence* for a fixed period to end not later than the date the suspended sentence expires." (emphasis added). Indiana Courts have interpreted these Code provisions to mean that "a person is serving the executed portion of his sentence when he is committed to the Department of Correction" and "that the portion of a defendant's sentence involving placement [with community corrections] does not constitute a part of the executed sentence." *Shaffer v. State*, 755 N.E.2d 1193, 1995 (Ind. Ct. App. 2001); *see Purcell v. State*, 721 N.E.2d 220, 223 (Ind. 1999). The trial court did not err and, thus, did not abuse its discretion in sentencing Carmer to both ten years executed and three years with community corrections.

## II. Ability to Pay Restitution

Carmer argues that the trial court abused its discretion in ordering him to pay restitution as a condition of probation without first inquiring into his ability to pay.

"When restitution is ordered as a condition of probation, the trial court must inquire into the defendant's ability to pay restitution in order to prevent indigent defendants from being imprisoned because of their inability to pay." *Shaffer v. State*, 674 N.E.2d 1, 9 (Ind. Ct. App. 1996). Our review of the record reveals that the trial court did not inquire into Carmer's ability to pay $15,812.54 in restitution; however, we conclude that Carmer waived his right to that inquiry.

This court has held that, by entering into a plea agreement whereby a defendant agrees to pay a specific amount of restitution instead of leaving the amount to the discretion of the court, the defendant acknowledges his ability to pay restitution and thereby waives his right to have the court inquire into that ability. *P.J. v. State*, 955 N.E.2d 234, 235 (Ind. Ct. App. 2011); *see M.L. v. State*, 838 N.E.2d 525, 530 n.9 (Ind. Ct. App. 2005). Here, Carmer agreed to pay "full restitution" as part of his plea agreement and acknowledged doing so before the court. Tr. p. 19. Moreover, Carmer affirmed to the court that $15,812.54 was the correct amount of restitution owed, and he told the court he did not "have … any objection to the [restitution] numbers." Tr. p. 17.

Further, and without considering Carmer's waiver, we conclude that remand for the trial court's inquiry into Carmer's ability to pay restitution would not be necessary. In *Pearson v. State*, 883 N.E.2d 770, 774 (Ind. 2008), the Indiana Supreme Court held that, although the trial court failed to inquire into defendant's ability to pay restitution, remand for that inquiry was not required because the defendant did not challenge the amount of restitution or his ability to discharge that obligation on appeal. Such is the case in the instant matter. Carmer simply challenges the procedural error alleged above;

5

he does not assert an inability to pay the ordered amount. Therefore, we cannot say that the trial court abused its discretion in not inquiring into Carmer's ability to pay restitution.

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.