## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James L. Reynolds, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 15, 2015

Court of Appeals Cause No.
79A02-1504-CR-204

Appeal from the Tippecanoe Superior Court

The Honorable Sean M. Persin, Judge

Trial Court Cause No.
79D05-1410-F6-123

**Barnes, Judge.**

# Case Summary

[1] James Reynolds, Jr., appeals his convictions for Level 6 felony residential entry and Class B misdemeanor criminal mischief and his two-and-one-half-year sentence for the offenses. We affirm in part and vacate in part.

# Issues

[2] Reynolds raises two issues, which we restate as:

    I.    whether his convictions violate double jeopardy principles; and

    II.    whether his sentence is inappropriate.

# Facts

[3] Reynolds was Lori Roberts's longtime boyfriend, and the couple lived together. Early in the morning on October 27, 2014, Roberts was frustrated that Reynolds would not turn his music down and walked to a friend's nearby house. Reynolds then went to the house looking for Roberts, and she asked him to leave. Reynolds left, but he returned a few minutes later. He knocked on the glass door to the porch. When no one answered the door, he broke the glass, went into the porch, and then went into Roberts's friend's house. Roberts and Reynolds fought, and Roberts's friend called 911.

[4] The State charged Reynolds with Level 6 felony residential entry, Level 6 felony criminal confinement, Class B misdemeanor battery, and Class A misdemeanor criminal mischief for breaking the glass door. A jury found

Reynolds guilty of the residential entry and criminal mischief charges. At sentencing, the trial court entered judgments of conviction on both counts and sentenced Reynolds to two-and-one-half years for the residential entry and to 180 days for the criminal mischief. Because of double jeopardy concerns, the trial court ordered the sentences to be served concurrently. The trial court ordered Reynolds to serve one year executed and suspended the remainder of the sentence to unsupervised probation at a level determined by the Tippecanoe County Community Corrections. Reynolds now appeals.

# Analysis

## I. Double Jeopardy

[5] Reynolds argues that his convictions for residential entry and criminal mischief are based on the same evidentiary facts—him breaking the glass door—and violate the Indiana Constitution's prohibition against double jeopardy. The State does not dispute this claim and asserts that the appropriate remedy is to vacate one of the convictions. Accordingly, we conclude the criminal mischief conviction must be vacated.

## II. Sentencing

[6] Reynolds also argues that his two-and-one-half-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Appellate Rule 7(B) does not require us to be

"extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[7] The principal role of Appellate Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Appellate Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[8] Reynolds contends that, although the trial court suspended one-and-one-half years of his sentence, it is tantamount to a two-and-one-half year executed sentence because participation in a community corrections program was a

condition of probation. In support of this argument, Reynolds relies on a concurring in result opinion in *Shaffer v. State*, 755 N.E.2d 1193 (Ind. Ct. App. 2001). In her concurring opinion, Judge Vaidik concluded "that placement in community corrections programs if it is a condition of probation must also be considered suspended time. However, I find that direct placement in community corrections is a different beast than probation and should be treated accordingly." *Shaffer*, 755 N.E.2d at 1198 (Vaidik, J., concurring).

[9] Even if this position had been adopted by the majority in *Shaffer*, Reynolds provides us with no analysis of the current statutory scheme as it relates to community corrections and suspended sentences. Moreover, the trial court's written sentencing order specified "Defendant is to serve one (1) year executed in Count I in the Indiana Department of Corrections . . . . The defendant's sentence calls for an executed term of imprisonment of 365 days." App. p. 12. The order further provides, "Defendant is placed on UNSUPERVISED PROBATION for a period of 1 ½ years on the following terms . . . 1 ½ years on unsupervised probation to be served at a level to be determined by the Tippecanoe County Community Corrections[.]" *Id*. Thus, the community corrections assignment was a condition of probation, which was ordered as part of the suspended sentence.

[10] Further, at the sentencing hearing, the trial court explained that this arrangement would give Reynolds a chance to "get out," to go to school, and to work. Tr. p 227. We are not convinced that Reynolds's sentence is the equivalent of a two-and-one-half-year executed sentence.

Regarding the nature of the offense, Reynolds ignored Roberts's request to leave and, when no one answered the door, he broke the glass door, causing it to shatter. He then entered Roberts's friend's home, and Reynolds and Roberts argued, which resulted in Roberts's friend calling 911. Although Roberts used Reynolds's money to have the door repaired, we cannot say that the nature of the offense necessitates a reduction of Reynolds's sentence.

As for his character, Reynolds has an extensive criminal history including at least seven misdemeanor convictions and five felony convictions as well as four other unspecified convictions in Illinois and a felony federal firearms conviction. Many other charges have been filed and dismissed against Reynolds, showing near constant contact with the criminal justice system since 1985. Also troubling is the trial court's assessment that Reynolds did not think the incident was "a big deal" and still thinks "it's all a big accident." Tr. p. 226. Given his criminal history and the cavalier attitude about his most recent criminal activity, Reynolds has not established that his sentence is inappropriate.

## Conclusion

Reynolds's criminal mischief conviction violates double jeopardy principles and must be vacated. However, Reynolds has not shown that his sentence is inappropriate. We affirm in part and vacate in part.

Affirmed in part and vacated in part.

Robb, J., and Altice, J., concur.