## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2017, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel C. Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Louis H. Howard, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 29, 2017

Court of Appeals Case No.
90A02-1610-CR-2380

Appeal from the Wells Circuit Court

The Honorable Kenton W. Kiracofe, Judge

Trial Court Cause No.
90C01-1501-F6-12

**Vaidik, Chief Judge.**

# Case Summary

[1] Louis H. Howard, Jr., appeals the revocation of his home detention, arguing that the State did not give him sufficient notice that it was seeking to revoke his direct placement on home detention. Finding that Howard received sufficient notice, we affirm.

# Facts and Procedural History

[2] In July 2015, Howard pled guilty to Level 6 felony theft and Level 6 felony counterfeiting. The following month, the trial court sentenced Howard to consecutive terms of one-and-a-half years for theft and two-and-a-half years (with two years suspended) for counterfeiting. As an alternative to commitment to the Indiana Department of Correction, the trial court directly placed Howard on home detention through Wells County Community Corrections. Appellant's App. Vol. II p. 53 ("In lieu of incarceration, the Defendant may serve the executed portion of the sentence on home detention through Wells County Community Corrections . . . ."); *see* Ind. Code § 35-38-2.6-3(a) ("The court may, at the time of sentencing, suspend the sentence and order a person to be placed in a community corrections program as an alternative to commitment to the department of correction."). The court also ordered Howard to serve two years of probation following completion of home detention. Appellant's App. Vol. II p. 53; Ind. Code § 35-38-2.6-7 ("When a person completes a placement program under this chapter, the court shall place

the person on probation."). The trial court ordered Howard's sentence in this case to run consecutive to his sentence in another cause number.

[3]     After completing his sentence in the other cause number, Howard started serving his home detention in this case on September 17, 2015. Approximately two months later, on November 16, 2015, the State filed a Verified Petition for Revocation of Suspended Sentence and Probation, alleging that Howard committed a criminal offense (domestic battery under Cause Number 90D01-1511-CM-389). Approximately nine months after the first petition was filed, on August 22, 2016, the State filed a Second Verified Petition for Revocation of Suspended Sentence and Probation, alleging that Howard committed more criminal offenses (domestic battery, intimidation, and battery against a public-safety official under Cause Number 90D01-1608-F6-87). The second petition was then amended on September 7 to allege that Howard committed yet another criminal offense (battery resulting in bodily injury to a public-safety officer under Cause Number 90C01-1609-F5-34).

[4]     The trial court held a fact-finding hearing on both petitions—the November 16, 2015 first petition and the September 7, 2016 amended second petition. The court found that the State did not meet its burden with respect to the first petition but that it did meet its burden with respect to the amended second petition. Appellant's App. Vol. II p. 116. Accordingly, the court ordered Howard to serve the balance of his sentence in the DOC. The court calculated the balance as follows: 448 days of home detention remaining on Howard's theft sentence, 182 days of home detention on his counterfeiting sentence, and

730 days suspended on his counterfeiting sentence, with credit "for 54 actual days spent in confinement awaiting disposition in this cause." *Id.*

[5] Howard now appeals.

# Discussion and Decision

[6] Howard raises one issue on appeal. He concedes that the State gave him sufficient notice that it was seeking to revoke his probation; however, he argues that the State did not give him sufficient notice it was also seeking to revoke his direct placement on home detention.

[7] In support of his argument, Howard cites *Christie v. State*, 939 N.E.2d 691 (Ind. Ct. App. 2011). In that case, the trial court directly placed the defendant in a community-corrections program to be followed by a term of probation. We held that a petition styled "Verified Petition to Revoke Suspended Sentence" was sufficient to put Christie on notice that the State was seeking to revoke both his community-corrections placement and his probation. We relied on the fact that Indiana Code sections 35-38-2.6-3 and -4 allow a trial court, at the time of sentencing, to "suspend" a defendant's sentence and directly place them in a community-corrections program in lieu of commitment to the DOC.[1] *Id.* at

---

[1] Our Supreme Court has explained that "suspend" as used in these statutes—as opposed to a traditional "suspended" sentence subject to the terms of probation—means only that the requirement that the offender actually serve time incarcerated in the DOC is suspended during the community-corrections placement period. *Purcell v. State*, 721 N.E.2d 220, 223 (Ind. 1999), *reh'g denied*; *see also Shaffer v. State*, 755 N.E.2d 1193, 1195 (Ind. Ct. App. 2001) (Vaidik, J., concurring in result).

694. "Thus, revocation of Christie's suspended sentence necessarily entailed revocation of his community corrections placement, and the State's explicit notice of the former implied notice of the latter." *Id.*

[8] Howard argues that unlike the defendant in *Christie*, he was not given sufficient notice because the State's petition "did not ask for revocation of the suspended sentence in general." Appellant's Br. p. 8. We disagree. If anything, the State's petition in this case—which was titled Verified Petition for Revocation of Suspended Sentence **and** Probation and which asked the court "to revoke the probation **and** suspended sentence" of Howard, *see* Appellant's App. Vol. II p. 104 (emphasis added)—made it clearer that the State was seeking to revoke not only Howard's probation but also his community-corrections placement. Although the State's petition could have been more carefully worded to distinguish between the revocation of Howard's community-corrections placement and the revocation of his probation, *see, e.g.*, *McCauley v. State*, 22 N.E.3d 743 (Ind. Ct. App. 2014) (petition styled "Petition to Revoke Direct Placement in the Home Detention Program and/or to Revoke Probation"), *trans. denied*, it was more than sufficient under *Christie*. Because Howard had sufficient notice that the State was seeking to revoke his direct placement on home detention, we affirm the trial court.

[9] Affirmed.

Bradford, J., and Brown, J., concur.